Howard A. Zeller, J.
Plaintiff moves for judgment pursuant to rules 104,109 (subd. 5) and 113 of the Rules of Civil Practice. The action was brought by plaintiff individually and as administratrix of the estate of James Ogrodowski, deceased, to recover the proceeds of a group life insurance policy issued by defendant and allegedly in force and effect on October 6, 1961, the date of James Ogrodowski’s death.
In 1933 defendant issued life insurance coverage by Group Policy No. 1570-RC to certain employees of the D. L. & W. Railroad. Certificate No. 1590 was issued to decedent under the group policy with plaintiff designated as beneficiary.
Decedent remained in the employ of the Delaware, Lackawanna & Western Railroad Company and under policy coverage until August 31, 1961, at which time a successor company, the Erie-Lackawanna Railroad Co., became decedent’s employer. The group life policy issued by defendant was terminated as of September 1, 1961. Substitute coverage was made available on notice through the new employer to those employees theretofore covered by defendant’s group life policy No. 1570-RC. Mr. Ogrodowski did not enroll for this substitute coverage prior to his death.
However, plaintiff contends that neither she nor the decedent was notified by the defendant or either of decedent’s employers that Group Policy No. 1570-RC, Certificate No. 1590, contained the right to convert that coverage to individual coverage upon termination of employment. Plaintiff argues that the deceased was an employee as contemplated by section 204 (subd. 1, par. [a]) of the Insurance Law and as such was entitled to notice of his right to convert to individual coverage. Plaintiff claims that the failure to so notify decedent had the effect under subdivision 3 of the statute of extending coverage 90 days from date of termination of employment. The deceased died within the *320 90-day period computed from August 31, 1961, when plaintiff claims decedent’s employment by the Delaware, Lackawanna & Western was terminated.
Subdivision 3 of section 204 of the Insurance Law relied on by plaintiff to amplify and extend the deceased’s insurance contract, states that it is only applicable to group life policies 1 ‘ hereafter issued ’ ’, and was added by chapter 208 of the Laws of 1940. By its language the subdivision does not apply to policies issued prior to its effective date. Decedent’s policy was issued in 1933.
The cases of Be Ville v. Continental Assur. Co. (10 A D 2d 386, affd. 8 N Y 2d 1080) and Payne v. Equitable Life Assur. Soc. of U. S. (14 A D 2d 266, affd. 11 N Y 2d 1006) relied on by plaintiff to support the applicability of section 204, both deal with policies issued after the effective date of the statute and thus are not controlling here.
Section 161 of the Insurance Law (subd. 1, pars, [e], [f]) adds to certain group policies in existence five years or more the right of the insured to convert to individual insurance upon either termination of employment or termination of the group policy by the insurer or employer. However, decedent’s policy already expressly provided for conversion to individual insurance in case of termination of employment for any reason whatsoever. Neither the policy nor the statute requires that notice be given the insured of this right to convert in order to start operation of the limiting time of 31 days common to both. (See Payne v. Equitable Life Assur. Soc., 14 A D 2d 266, 268, supra; De Ville v. Continental Assur. Co., 10 A D 2d 386, 388, supra.)
Assuming that the change in corporate employers constituted a. termination of employment, the decedent failed to affirmatively act as the policy terms require by submitting within 31 days a written application for individual coverage.
Any liability of defendant HCtna Life Insurance Company to decedent or plaintiff under Group Policy No. 1570-BC and Certificate No. 1590 terminated no later than 31 days after September 1,1961, and prior to decedent’s death.
Plaintiff’s motion for judgment should be denied and summary judgment should be granted defendant dismissing the complaint herein.