Michael Catalano, J.
Defendants seek summary judgment dismissing the complaint. Plaintiff seeks summary judgment for $3,000, with interest from February 24, 1962.
June 1,1958, defendant, the Metropolitan Life Insurance Company (“ Metropolitan ”) executed a group life insurance policy, No. 6320-0, running to defendant, the Reuben H. Donnelley Cor *659 poration (“ Reuben ”), as employer, covering not less than 10 employees of Reuben. This policy permitted the certificate holder to convert to another type of life insurance within 31 days after the termination of employment.
November 13, 1959, group insurance Certificate No. 1550-59 was issued to Joyce Diana Pankow, later Joyce D. Miller (“ Joyce ”), insuring her life, under Reuben’s policy 6320-G.
February 24,1962, Joyce died, less than 90 days after the termination of her employment with Reuben and prior to giving her notice to convert.
Plaintiff is the beneficiary of group Certificate No. 1550-59 and was Joyce’s husband when she died on February 24, 1962. Plaintiff performed all conditions under said policy and certificate, demanding payment that was refused.
Policy No. 6320-G was issued by Metropolitan to Reuben, providing: “In witness whereof, the Metropolitan Life Insurance Company has caused this policy to be executed this third day of September, 1958, to take effect as of the first day of June, 1958, in substitution for Group Policy No. 6320-G bearing date of issue January 29, 1932, which last date shall be deemed to be the date of issue hereof.”
Policy No. 6320-G provides in II. Formula, Discontinuance of Insurance, (a): “ The insurance on any Employee insured hereunder, who shall have ceased to be in the employ of the Employer, shall be discontinued on the last day of the calendar month in which such Employee left the employ of the Employer. ’ ’
Defendants contend that Joyce’s employment with Reuben ended December 22,1961 and the insurance on her life terminated December 31,1961.
Subdivision 3 of section 204 of the Insurance Law provides in part: “In the event a "group life insurance policy hereafter issued to a group * * * for delivery in this state permits a certificate-holder to convert to another type of life insurance within a specified time after the happening of an event, such certificate-holder shall be notified of such privilege and its duration within fifteen days after the happening of the event, provided that if such notice be given more than fifteen days, but less than ninety days after the happening of such event, the time allowed for the exercise of such privilege of conversion shall be extended for fifteen days after the giving of such notice. If such notice be not given within ninety days after the happening of the event, the time allowed for the exercise of such conversion privilege shall expire at the end of such ninety days.” (Subd. 3, added by L. 1940, ch. 208.)
*660 Here, defendants contend that they may ‘1 re-issue ’ ’ group Policy No. 6320-G on June 1, 1958, “ as of ” January 29, 1932, and thereby evade the mandate of subdivision 3 of section 204 of the Insurance Law which logically means ‘1 issued ’ ’ or “ re-issued ”
The purpose of the 1940 amendment is to give employees knowledge of their right to convert. (De Ville v. Continental Assur. Co., 10 A D 2d 386, 392, affd. 8 N Y 2d 1080.) If the insured fails to give notice, the conversion period is extended to 90 days and the policy must be deemed amended at least to the extent of fixing the conversion privilege period of 90 days, (p. 391; followed: Payne v. Equitable Life Assur. Soc. of U. S., 14 A D 2d 266, 267-268, affd. 11 N Y 2d 1006.)
Here, a notice dated February 26, 1962, two days after her death, stated, in part: “ Tour Group Life insurance was discontinued on Jan 31 1962, and you are entitled to apply for an individual policy of Life Insurance only * * * provided that you apply for it within 31 days from the discontinuance date mentioned above.”
Subdivision 3 of section 204 of the Insurance Law is applicable to group life policies “ hereafter issued,” as added by chapter 208 of the Laws of 1940, and it does not apply to policies issued prior to its effective date. (Ogrodowski v. Ætna Life Ins. Co., 36 Misc 2d 318, 320.)
Here, decedent’s group insurance certificate was issued November 13, 1959 and the group life policy was issued and effective June 1, 1958.
Therefore, the certificate insurance amount should be paid.
Defendants’ motion denied; plaintiff’s motion granted. No costs.