581 P.2d 254

**Kathleen Dyer HENDERSON, Appellant,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

**No. 1 CA–CIV 3703.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 30, 1978.
Rehearing Denied April 28, 1978.
Review Denied May 31, 1978.

Boyd T. Johnson, Harry Bagnall, Coolidge, for appellant.

Jennings, Strouss & Salmon by Frederick J. Martone, Phoenix, for appellee.

**410**

## OPINION

EUBANK, Presiding Judge.

Appellant brings for our review the question of whether an employer owes a duty upon terminating an employee to notify the employee of his right to convert his group life insurance coverage to individual coverage. The question is one of the first impression in Arizona. We hold that an employer owes no duty to a terminated employee to inform him of his conversion right.

Appellant is the widow of John A. Henderson, who had been employed by appellee. She filed an action against First Federal Savings and Loan (First Federal), Prudential Insurance Company of America (Prudential), and California Savings and Loan League (Cal. S & L). She alleged that her husband, a past employee of First Federal, had been covered by a group life insurance policy issued by Prudential through Cal. S & L. The group plan was contributory, with First Federal paying two-thirds of the cost of premiums, and the employee paying one-third. The policy lapsed when appellant's husband failed to convert it to an individual policy after his employment with First Federal was terminated. Appellant's complaint further alleged that First Federal failed to give her husband notice of his right to convert the policy, and that First Federal was therefore liable to appellant's estate or named beneficiary for the face amount of the policy, $25,000. The defendants answered, denying any duty to notify Mr. Henderson of his conversion privileges, and alleging conformance with statutory requirements regarding any duties they might have owed him. All of the parties then filed motions for summary judgment. Appellant stipulated to summary judgment in favor of Prudential and Cal. S & L, and the trial court granted summary judgment in favor of First Federal. Appellant appeals from the trial court's judgment in favor of First Federal.

The facts are not in dispute. John Alan Henderson was originally employed by First Federal from September, 1961, until January 1970, during which time he served in various positions including branch manager and assistant vice president. He left First Federal in 1970, but returned in February, 1972, and remained until December 14, 1973, working as a loan officer and branch manager. He received notice of his termination effective December 14, 1973. During both terms of employment at First Federal, Mr. Henderson participated in the group plan which is the subject of this action. After enrolling in the plan, he received a personal copy of the certificate of insurance, which contained a notice that a participant's insurance under the policy automatically terminated when the employee left the employment of First Federal. The notice also stated that the policy could be converted to an individual policy during a 31-day period following termination of employment without evidence of insurability. Mr. Henderson failed to convert his policy, following his December 14, 1973, termination. He died on June 29, 1975. His widow subsequently brought this action on April 21, 1976, for damages in the amount of $25,000.

Arizona has developed a statutory scheme which regulates group life insurance policies. A.R.S. § 20–1265 requires the insurer to issue to the policyholder, for delivery to each person insured, an individual certificate setting forth a statement regarding the insurance protection to which he is entitled and the rights and conditions accompanying that protection, as set forth in A.R.S. §§ 20–1266, 20–1267, and 20–1268. A.R.S. § 20–1266 requires the group insurance policy to provide a terminated employee the right to convert that policy to an individual policy without evidence of insurability, provided that the application is made and the premium paid to the insurer within 31 days after termination. The insurance company remains liable for the face amount of the policy if the insured dies during the 31-day period. A.R.S. § 20–1268. A.R.S. § 20–1269, which is not required to be in the certificate, gives an individual who is not given notice of his conversion right at least 15 days prior to the expiration date of the conversion period an additional period with-

in which to exercise the conversion right. This period expires either 15 days after the individual is given such notice or 60 days after the expiration date of the period provided in the policy, whichever comes first. A.R.S. § 20–1269, however, extends only the conversion period beyond the 31 days provided by A.R.S. § 20–1268; the insurance coverage is not extended. The notice required by A.R.S. § 20–1269 must be given by the policyholder or the insurer. In this case, California S & L was the policyholder, and the insurer was Prudential. The policy issued in this case was drafted in compliance with the Arizona statutory scheme, and Mr. Henderson received the required certificate containing the required notices. Consequently, under these statutes First Federal had no duty to perform regarding notice to Mr. Henderson.

Nevertheless, appellant argues that the employer has a duty of good faith and care in attending to the group life insurance policies. According to appellant, an employer should be required to inform a terminated employee of any action that would be required of him to keep the policy in effect by including in the final paycheck of the employee a notice informing him of his right to convert his group coverage to individual coverage. Appellant stresses that this duty arises from the employer-employee relationship, not the insurance contract. She cites several cases from other jurisdictions in support of her argument: *Walker v. Occidental Life Insurance Co.*, 67 Cal.2d 518, 63 Cal.Rptr. 45, 432 P.2d 741 (1967); *Neider v. Continental Assur. Co.*, 213 La. 621, 35 So.2d 237 (1948); *McGinnis v. Bankers Life Co., Des Moines, Iowa*, 39 A.D.2d 393, 334 N.Y.S.2d 270 (1972); *Antinora v. Nationwide Life Insurance Co.*, 76 Misc.2d 599, 350 N.Y.S.2d 863 (1973). We find none of these cases persuasive.

The case most similar to the present case is *McGinnis*. In that case, the employee suffered a heart attack and stopped working. Although he did not receive any wages after his attack, he was never formally terminated by his employer. In addition, while New York's statutes, like Arizona's, require a group insurance policy to provide a right to convert it to a personal policy and grant the employee a right to notice of his conversion privilege, the employee in *McGinnis* had not received the required notice from either the insurer or the employer. The issue, as framed by the New York court, was whether an employer had a duty to advise its employee that his employment had been terminated for insurance purposes, and that the employee had a right to convert his group insurance to individual insurance. 39 A.D.2d at 394, 334 N.Y.S.2d at 272. In holding that an employer did have such a duty, the New York court gave two reasons for its decision. First, the New York statutes governing group insurance evidenced "a rather clear legislative intent that it is the public policy of the State that employees insured under this type of insurance 'have an opportunity to convert their certificates if they so desire.'" *Id.* at 397, 334 N.Y.S.2d at 275. Second, the court reasoned that the employer had a duty of good faith and due care in attending to the policy, citing *Walker, supra.*

*Walker*, however, only held that the employer had a duty to inform his employee of his exact date of termination. The court said nothing regarding any duty to inform the terminated employee of his right to convert his group policy. Thus, to the extent that the *McGinnis* court relied on *Walker*, the value of *McGinnis* is diminished in the present case. Further, our interpretation of the Arizona statutes governing group insurance policies is different from the New York court's interpretation of their statutes. A.R.S. § 20–1269 requires the insurer, not the employer, to give the employee notice of his conversion privilege. If the insurer fails to give the required notice, the consequence is not continued coverage but merely an extension of the conversion period. Since our legislature failed to hold insurers liable for their failure to give notice, we believe that it would

be inequitable to hold employers liable for their failure to give notice.[1]

In this case, Mr. Henderson knew the exact date of his termination. He had a copy of the certificate of insurance, which contained an explanation of his conversion privilege. We cannot discern an implied covenant in his employment agreement or any public policy which would require his employer to give him notice of his conversion right at the time of his termination. *See Hinckley v. Bechtel Corp.*, 41 Cal. App.3d 206, 116 Cal.Rptr. 33 (1974).

Our decision in the present case is consistent with out recent opinion of *Larsen v. Motor Supply Co.*, 117 Ariz. 507, 573 P.2d 907 (filed November 17, 1977, *rehearing denied*). In that case we reviewed the law involving the rights of employees who were terminated by their employer. We noted that where an employment contract did not provide a time limit for employment, an employee could be terminated at the will of the employer, and no action for damages could be based on such termination. *Cf. Builders Supply Corp. v. Shipley*, 86 Ariz. 153, 341 P.2d 940 (1959); *Horizon Corp. v. Weinberg*, 23 Ariz.App. 215, 217, 531 P.2d 1153, 1155 (1975). Our reasoning is similar here. Where neither the employment contract nor state statutes impose a duty on the employer at termination of employment to give notice of conversion rights under a group policy, none is required by law.

The summary judgment is affirmed.

JACOBSON and OGG, JJ., concur.

---

1. The other cases cited by appellant are likewise unpersuasive. *Antinora, supra*, merely relied on *McGinnis. Neider, supra*, involves recovery against the insurer, but not the employer.