593 F.2d 358
 Celeste M. CASTELLO, Appellant,
v.
Ron GAMACHE, Ralph Evans, III, Trustees for the Teamsters
Insurance and Welfare Fund, Local 688,
International Brotherhood of Teamsters, Appellees.
 No. 78-1755.
 United States Court of Appeals,
Eighth Circuit.
 Submitted February 14, 1979.
Decided March 9, 1979.
 
 Bruce K. Miller, Los Angeles, Cal. (argued), Neal S. Dudovitz, Los Angeles, Cal., and Robert N. Feldmann, Chused, Strauss, Chorlisn, Goldfarb, Bini & Kahn, St. Louis, Mo., on brief, for appellant.
 Norman W. Armbruster, Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo. (argued), and Clyde E. Craig, St. Louis, Mo., on brief, for appellees.
 Before GIBSON, Chief Judge, HENLEY, Circuit Judge, and HANSON, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This case involves the rights of plaintiff, the named beneficiary in a certificate of group life insurance that was issued to plaintiff's sister under a group policy issued by Occidental Life Insurance Company in connection with a labor union pension fund administered by the defendants as trustees. The case arose in the Eastern District of Missouri and was assigned to the docket of District Judge H. Kenneth Wangelin. All material facts were stipulated, and the case was submitted on the stipulation. Judge Wangelin ruled in favor of the defendant trustees, and plaintiff has appealed. The opinion of the district court appears as Castello v. Gamache, 457 F.Supp. 310 (E.D.Mo.1978).
 
 
 2
 The stipulated facts are set out in detail in the opinion of the district court. We will summarize them here.
 
 
 3
 Plaintiff, Celeste M. Castello, is the sister of the late Caroline Castello (the insured) who for a number of years was employed by Switzer Candy Company which operates in the Eastern District of Missouri. The employment of the insured by the candy company was from June, 1969 to July 23, 1976 when she was laid off. She was never recalled to employment, and she died on March 4, 1977.
 
 
 4
 During the period of the insured's employment, employees of Switzer were represented for collective bargaining purposes by Local 688 of the Teamsters' Union. Part of the collective bargaining package was an insurance and welfare fund for the benefit of employees of Switzer and other employers which had contracts with the Union. The fund was a common law trust and was administered by trustees. The insurance phase of the welfare program involved a group life insurance policy issued by Occidental to cover employees. The policy stipulated that upon the termination of an employee's employment, rights under the group policy would also terminate but with the employee having a right to convert his coverage under the group policy to some other type of individual insurance. This right, however, had to be exercised within a specified period of time which might vary to some extent according to circumstances. Should the conversion right not be exercised within the relevant period, all rights of the insured and the beneficiary under the group policy would terminate.
 
 
 5
 The district court found that copies of the group policy were available generally to employees who were members of the bargaining unit; copies were also available at Union meetings and at the offices of the fund in St. Louis. There is nothing to indicate that the insured either did or did not request or receive a copy of the group policy.
 
 
 6
 In any event, it is clear from the policy provisions that it was contemplated that an employee who ceased to be eligible for coverage under the group policy due to termination of employment would be notified by someone of his insurance status and of the requirement that the conversion right be exercised within a certain time. The policy did not specify whether the notice was to be given by the employer, the insurance company, the Union, or by the trustees of the fund. Relevant policy provisions are set out in 457 F.Supp. at 311-12 to which we refer.
 
 
 7
 At the time of and following her layoff the insured was never notified by anyone that her insured status had changed and that she could convert her insurance but only within a certain period of time. After her layoff the candy company made no more insurance payments on behalf of the insured, and she made no payments on her own behalf. She made no effort to effect a conversion prior to her death, and at the time of her death the period within which she could have converted had expired.
 
 
 8
 Almost exactly a year after the insured died, plaintiff, as the beneficiary named in the original certificate, commenced this action in the district court. She predicated jurisdiction on § 302 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 186, and on § 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. We note that plaintiff did not join as a defendant either her sister's employer, or the Union, or the Occidental Insurance Company. She simply sued the trustees of the fund.
 
 
 9
 Plaintiff takes the position that under ERISA or under the common law, or both, the defendant trustees owed fiduciary duties to insureds under the group policy and to their beneficiaries. Plaintiff defines those duties as including a duty to notify a terminated employee of his or her change of status and of the necessity of exercising the conversion right within the specified period. And plaintiff contends that this duty was violated by the defendants, and that she is entitled to relief against them.
 
 
 10
 The prayer of the complaint is that the district court adjudicate the rights and liabilities of the parties, hold that the trustees have been guilty of breach of duty and are liable to plaintiff, and award to the plaintiff "her rightful benefits under the life insurance policy heretofore referred to."[1]
 
 
 11
 There is nothing in the record to suggest that the defendant trustees knew, or had any reason to know, or had any means of discovering the facts of this case as we have stated them before being confronted with this suit; and, naturally, the defendants denied liability.
 
 
 12
 Having found the facts of the case, Judge Wangelin stated his conclusions of law which we set out in full (457 F.Supp. at 312-13):
 
 Conclusions of Law
 
 13
 There is no question that defendants are required to administer the trust fund in a reasonable manner and for the sole and exclusive purpose of providing benefits to participants. Plaintiff argues that this standard, when viewed in light of the language of the policy contemplating notice, required defendants to inform Caroline Castello of her conversion rights.
 
 
 14
 In support of this theory plaintiff has cited cases which have required plan trustees to give notice of pension requirements to participants. Norton v. I. A. M. National Pension Fund, 180 U.S.App.D.C. 176, 553 F.2d 1352 (1977); Burroughs v. Board of Trustees of Pension Trust Fund for Operating Engineers, 542 F.2d 1128 (9th Cir. 1976). Plaintiff has also cited two cases which concern conversion options in group life insurance policies. McGinnis v. Bankers Life Co., 39 A.D.2d 393, 334 N.Y.S.2d 270 (S.Ct.1972); Wells v. Wilbur B. Driver Co., 121 N.J.Super. 185, 296 A.2d 352 (1972). None of the above cases are particularly helpful. Norton and Burroughs involve changes in rules for qualifying for pensions. The plaintiffs in those actions were unable to comply with the rules at least in part because they had no notice of the changes. No such change in circumstances is present here.
 
 
 15
 McGinnis and Wells both involved a situation more closely analogous to this one. In those cases Employers were held liable for failing to notify employees that their employment had terminated for purposes of their insurance policies. Both of these cases were based upon the theory that the right to convert is a valuable property right and an employee must know the precise date of his termination in order to take advantage of that right.
 
 
 16
 Although there are factual similarities, these cases are also distinguishable. In this action there is no allegation that plaintiff was unaware of her termination. Indeed, the party responsible for her layoff is not before the Court. Rather, plaintiff claims that she should have been told of the Existence of the conversion clause. However, as stated in Wells, an insured is presumed to have constructive knowledge of the terms of a group policy. 296 A.2d at 358. Absent some direct command in the language of the trust agreement the Court will not imply a requirement that the trustees provide employees with that knowledge.
 
 
 17
 We agree with the district judge and can add nothing of significance to what he has said. We will point out that the view taken by Judge Wangelin is not inconsistent with the view that this court took a number of years ago in a group insurance case that was somewhat similar to this one. See General American Life Ins. Co. v. Yarbrough, 360 F.2d 562 (8th Cir. 1966), Rev'g Yarbrough v. General American Life Ins. Co., 241 F.Supp. 448 (W.D.Ark.1965).
 
 
 18
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable William C. Hanson, Senior District Judge, Southern District of Iowa, sitting by designation
 
 
 [1]
 Plaintiff does not specify what those benefits were or are. Presumably, plaintiff postulates that had she been properly notified, her sister would have exercised a conversion option that would have turned out to be favorable to plaintiff upon the death of the insured. We find it unnecessary to dwell on this subject