■ Charles F. Rey, Appellant, v St. Francis Hospital et al., Respondents. — In an action to recover the proceeds of an insurance contract or alternatively

for damages for misrepresentation, plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 24, 1980, which denied his motion for summary judgment but granted summary judgment in favor of both defendants against plaintiff. Order modified by deleting the provision granting summary judgment to defendant St. Francis Hospital, and substituting therefor a provision denying summary judgment to St. Francis Hospital against the plaintiff. As so modified, order affirmed, without costs or disbursements. Special Term was correct in granting summary judgment against plaintiff to defendant Connecticut General Life Insurance Company, as the life insurance carrier cannot be liable for the employer's alleged breach of duty to its employee (*McGinnis v Bankers Life Co., Des Moines, Iowa,* 39 AD2d 393). The plain language of the group life insurance policy between the defendant underwriter and the defendant hospital employer dictated that plaintiff's deceased was not eligible for life insurance or additional life insurance coverage between the effective date of the coverage of such group life insurance policy and the date of death of plaintiff's deceased. As to the defendant hospital, however, a review of the record indicates triable factual issues, including but not limited to the duty, if any, of the hospital to inform plaintiff's deceased of her status with respect to the replacement group life insurance policy. The policy provided for payment of premiums by payroll deduction only. At the time plaintiff delivered the insurance enrollment card and plaintiff's personal check for such premium to the defendant hospital, plaintiff's deceased was no longer on the payroll and such card and check were accepted by the hospital, notwithstanding the provision in the policy with respect to payment of premiums. Furthermore, the capability of plaintiff's deceased to comply with the eligibility requirements of the replacement life insurance policy is an additional triable issue of fact for determination. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.