■ MARC S. HOROWITZ, Appellant, v AETNA LIFE INSURANCE et al., Respondents.—In an action, *inter alia,* to recover damages for intentional infliction of emotional distress and violation of Executive Law § 296, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered December 11, 1987, as, upon reargument, adhered to its original determination to grant the defendants' motion to dismiss the complaint and denied that branch of the plaintiff's motion which sought leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff filed a complaint dated December 6, 1985, with the State Division of Human Rights pursuant to Executive Law (Human Rights Law) § 297, claiming that his employer, the defendant, American Re-Insurance Company (hereinafter Am-Re), had discriminated against him because he was Jewish, unmarried, gay and perceived as having AIDS or being at risk for AIDS. In addition, he alleged that Am-Re discriminated against him as retaliation for previously having accused his supervisor of making anti-Semitic comments. The purportedly discriminatory actions taken by the plaintiff's employer included transfers to new positions not specifically related to his previous training and experience, singling the plaintiff out for harassment about absences for legitimate, documented health reasons and denying his requests for tuition reimbursement for job-related courses.

The statutory complaint further claimed that the plaintiff's supervisor directed antihomosexual epithets at him when in his presence. Ultimately, because he found his work environment to be increasingly hostile, the plaintiff resigned effective September 1985.

In August 1986 the plaintiff commenced the instant action claiming that the defendants Aetna and Am-Re had intentionally subjected him to emotional distress, engaged in employment discrimination and wrongfully discharged him. The complaint further claimed that two former supervisors had slandered him by commenting that he had AIDS and that he had granted favorable terms to other men based on his sexual interest in them.

The defendants moved to dismiss the plaintiff's complaint on the grounds that the claims of emotional distress, employment discrimination and wrongful discharge failed to state a cause of action and that the claims of slander were time barred. The plaintiff did not interpose papers in opposition to the motion. The Supreme Court granted the motion. The plaintiff then moved "for leave to reargue" vacatur of the order, and for leave to amend the complaint to add a cause of action for breach of contract and breach of the implied covenant of good faith and fair dealing. The Supreme Court granted the motion to the extent that it granted "reargument", i.e., reconsideration of the motion. Upon reconsideration, the court adhered to its original determination to dismiss the action. In all other respects the court denied the motion.

The Supreme Court properly dismissed the plaintiff's complaint and denied that branch of the plaintiff's motion which sought to amend the complaint. The Supreme Court lacked subject matter jurisdiction over the plaintiff's claim for employment discrimination and wrongful discharge. Pursuant to Executive Law § 297 (9), "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint" before the State Division of Human Rights. Accordingly, because the plaintiff initially filed a statutory claim of employment discrimination, he was precluded from commencing an action in the courts involving the same claim.

The Supreme Court also lacked jurisdiction over the plaintiff's cause of action to recover damages for the intentional infliction of emotional distress. In his complaint before the State Division of Human Rights, the plaintiff was able to seek damages for mental anguish and humiliation as well as for out-of-pocket damages and, in fact, he sought both types of damages *(see, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492).* Accordingly, his attempts to recover for those

injuries under the slightly different labels of intentional infliction of emotional distress and prima facie tort were properly dismissed.

Furthermore, the plaintiff was time barred from bringing his cause of action sounding in slander. CPLR 215 (3) provides a one-year Statute of Limitations for slander. The record indicates that more than a year elapsed from the time the purportedly slanderous comments were made until the action was commenced. In any event the allegations of the complaint sounding in slander failed to state a cause of action because the alleged statements were not pleaded with the specificity required by CPLR 3016 (a) and the plaintiff's papers failed to name or otherwise identify the persons who heard the statements (see, Monsanto v Electronic Data Sys. Corp., 141 AD2d 514).

The causes of action against Aetna were dismissible for failure to adequately allege Aetna's control over Am-Re. A parent company is not liable for the torts of its subsidiary, even if it is a wholly owned subsidiary, unless it can be shown that the parent's control over the subsidiary disregards its corporate independence (see, Billy v Consolidated Mach. Tool Corp., 51 NY2d 152). The plaintiff herein failed to make any such showing.

Finally, the Supreme Court properly denied the plaintiff's motion to amend his complaint so as to include causes of action for breach of contract and breach of implied covenant of good faith and fair dealing. In the first instance, no express employment contract existed between the plaintiff and the defendant Aetna. Furthermore, since the company handbook did not provide that termination could only be for cause, no contract rights may be deemed to exist notwithstanding the at-will employment situation (see, Weiner v McGraw-Hill, Inc., 57 NY2d 458). Lastly, as an at-will employee, the plaintiff could state no cause of action for breach of implied covenant of good faith and fair dealing (see, Murphy v American Home Prods. Corp., 58 NY2d 293). Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.