(August 30, 1993)

■ LEAH DUNAIEF, Appellant-Respondent, v UNION SAVINGS BANK et al., Respondents-Appellants. [601 NYS2d 622] —In an action to recover death benefits under a group mortgage life insurance policy, (1) the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated February 6, 1991, as denied her cross motion for summary judgment, and (2) the defendants cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision denying that branch of the defendants' motion which was for summary judgment dismissing the complaint as against the defendant Union Savings Bank, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant Union Savings Bank payable by the plaintiff.

The plaintiff Leah Dunaief and the decedent Dr. Ivan F. Dunaief owned certain real estate. On June 1, 1977, they executed a mortgage in the sum of $25,965 with the defendant Riverhead Savings Bank (hereinafter Riverhead Savings). On January 3, 1985, the decedent obtained group mortgage protection life insurance through the defendant Union Savings Bank (hereinafter Union). The decedent agreed to pay a premium each month to Riverhead Savings, and in exchange Union agreed that it would make all remaining unpaid mortgage payments to Riverhead Savings upon Dr. Dunaief's death. The decedent kept making the premium payments on the policy for over two years directly to Riverhead Savings and those payments were never rejected. On November 14, 1987, Dr. Dunaief died. The plaintiff thereafter demanded payment in the amount of the reduced balance of the mortgage as of November 14, 1987, which was approximately $24,000. Riverhead Savings refused, asserting that the insurance policy had been cancelled in 1986 when it had sold the mortgage. This litigation ensued.

On appeal, the plaintiff claims that the defendants had an

obligation to inform the decedent of the date the policy terminated and of his right to convert that policy. We find that Union had no duty to inform the decedent that his policy had been terminated or that he had a right of conversion *(see,* Insurance Law § 4216 [d]). However, since the decedent would have no way of finding out about the date of termination but from Riverhead Savings, we find that Riverhead Savings had an obligation to provide notice of the termination of the policy to him. We further find that there are triable issues of fact as to whether adequate notice was given *(see, McGinnis v Bankers Life Co.,* 39 AD2d 393). Accordingly, summary judgment was properly denied with respect to Riverhead Savings. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.