■ ANNE JOHNSON, Appellant, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [704 NYS2d 281] —In an action to

recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 11, 1998, which granted the defendants' cross motion for summary judgment dismissing the complaint and denied, as academic, her motion to compel the defendants to comply with a supplemental demand for discovery and inspection.

Ordered that the order is affirmed, with costs.

The plaintiff, an assistant principal at a public school in Queens, was assaulted by a parent, Larry Blanton, during an open school event on November 17, 1994. Blanton was subsequently criminally prosecuted for the assault, and the plaintiff obtained an order of protection which included a provision directing Blanton to stay away from the school until March 9, 1995. Although the order of protection was disseminated to the school's administrative staff, Blanton was permitted to enter a school office on March 3, 1995 to pick up his son, who had been injured in a physical education class.

The plaintiff commenced this action against the New York City Board of Education and the principal of the school to recover damages for physical and emotional injuries based on the events on November 17, 1994, and on March 3, 1995. The complaint alleged, *inter alia*, that the defendants negligently implemented a security plan on November 17, 1994, and knowingly permitted Blanton to enter the school on March 3, 1995, in violation of the order of protection. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

It is well settled that the provision of security to public school teachers against criminal acts by third parties is a governmental function, and a school may not be held liable for negligence in the absence of a special duty (*see, Bonner v City of New York,* 73 NY2d 930, 932; *Vitale v City of New York,* 60 NY2d 861, 863; *Bain v New York City Bd. of Educ.,* 268 AD2d 451; *Blanc v City of New York,* 223 AD2d 522). The plaintiff asserts that such a special duty existed as she was among the staff members who were issued walkie-talkies and were required to respond to emergency calls under the school's security plan. Although the plaintiff was an integral part of the security plan, she failed to establish that the defendants thereby assumed a duty towards her other than the duty owed generally to persons in the school system and members of the general public (*see, Vitale v City of New York, supra*). Accordingly, the first, second, and seventh causes of action which alleged that the defendants were negligent in the provision of security in the school on November 17, 1994, were properly dismissed.

The plaintiff asserts that the defendants assumed a special duty to her with respect to the enforcement of the order of protection in the school and may therefore be held liable for her emotional injuries attributable to Blanton's violation of the order of protection on March 3, 1995. Assuming that the plaintiff established that a special duty existed with respect to the order of protection (*see, Mastroianni v County of Suffolk,* 91 NY2d 198; *Sorichetti v City of New York,* 65 NY2d 461), the third cause of action for negligent infliction of emotional distress was nevertheless properly dismissed.

Although physical injury is no longer a necessary element of a cause of action for negligent infliction of emotional distress, such a cause of action generally must be premised on conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety (*see, Davies v County of Nassau,* 260 AD2d 531; *Losquadro v Winthrop Univ. Hosp.,* 216 AD2d 533). There is no dispute that Blanton had no contact with the plaintiff on March 3, 1995, and that she was not even aware that he had been at the school until several days later. Under these circumstances, the plaintiff's claims of emotional distress are too remote and speculative (*see, Losquadro v Winthrop Univ. Hosp., supra*).

The Supreme Court properly dismissed the remaining causes of action in the complaint as the plaintiff's conclusory allegations failed to state any cognizable cause of action (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275). O'Brien, J. P., Santucci, Florio and Smith, JJ., concur. [*See,* 177 Misc 2d 310.]