■ ANDREW POTASH, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, and OGDEN ALLIED AVIATION SERVICES, INC., Appellant. [719 NYS2d 290] —In an action to recover damages for personal injuries, the defendant Ogden Allied Aviation Services, Inc., appeals from (1) an order of the Supreme Court, Queens County (Schmidt, J.), dated December 3, 1999, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) an order of the same court, dated August 8, 2000, which denied its motion for leave to renew and/or reargue.

Ordered that the appeal from so much of the order dated August 8, 2000, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated August 8, 2000, as denied that branch of the motion which was for renewal is dismissed as academic in light of our determination of the appeal from the order dated December 3, 1999; and it is further,

Ordered that the order dated December 3, 1999, is reversed, on the law, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant based its motion for summary judgment, *inter alia*, on leases and lease renewals dating back to 1956 which demonstrated that the premises where the plaintiff fell were owned by the defendant Port Authority of New York and New Jersey, and leased by Ogden New York Services, Inc. (hereinafter Ogden New York), the plaintiff's employer. Ogden New York was an independent subsidiary of the appellant, Ogden Allied Aviation Services, Inc. (hereinafter Ogden Aviation).

A parent corporation will not be held liable for the torts or obligations of a subsidiary unless it can be shown that the parent exercised complete dominion and control over the subsidiary (*see, Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152; *Garcia v Union Carbide Corp.,* 176 AD2d 219; *Horowitz v Aetna Life Ins.,* 148 AD2d 584; *Alexander & Alexander v Fritzen,* 114 AD2d 814, *affd* 68 NY2d 968). Here, the plaintiff failed to op-

pose the defendant's prima facie showing of entitlement to summary judgment with any evidence sufficient to raise a triable issue of fact as to whether Ogden Aviation so dominated the operation of its subsidiary that the corporate veil should be pierced, and Ogden Aviation should be held liable for the negligence of Ogden New York (*see, Pebble Cove Homeowners' Assn. v Fidelity N. Y. FSB,* 153 AD2d 843). Ritter, J. P., S. Miller, Luciano and Smith, JJ., concur.