■ JOHN DOE, Respondent, v ARCHBISHOP STEPINAC HIGH SCHOOL et al., Appellants, et al., Defendants. [729 NYS2d 538] —In an action, *inter alia,* to recover damages for assault and intentional and negligent infliction of emotional distress, the defendants Archbishop Stepinac High School and the Archdiocese of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 8, 2000, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the causes of action to recover damages for intentional and negligent infliction of emotional distress insofar as asserted against the appellants, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a student at the defendant Archbishop Stepinac High School, was allegedly assaulted by other students during a school-sponsored class trip to Europe. The appellants contend that the Supreme Court erred in denying their motion

to dismiss the complaint insofar as asserted against them because the plaintiff's claims are barred by a release that he and his parents signed in order to allow him to go on the trip. However, the appellants failed to submit any evidence that the plaintiff and his parents actually executed the release. In any event, the provision of the release upon which the appellants rely is unenforceable, because it does not clearly and unequivocally express the intention of the parties to relieve the appellants from liability for injuries sustained as the result of the appellants' negligence (*see, Gross v Sweet,* 49 NY2d 102; *Barone v St. Joseph's Villa,* 255 AD2d 973).

Contrary to the appellants' contention, we further find that the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the plaintiff's cause of action based on negligent supervision. The affidavits submitted by the parties reveal an issue of fact as to whether the school authorities had sufficiently specific knowledge or notice of threats to harm the plaintiff during the trip which could have rendered the alleged acts of his assailants reasonably foreseeable (*see, Mirand v City of New York,* 84 NY2d 44, 49).

The Supreme Court should have dismissed the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against the appellants. The conduct the appellants allegedly engaged in was not so outrageous and extreme as to go beyond all possible bounds of decency, and cannot be regarded as atrocious and intolerable in a civilized society (*see, Howell v New York Post Co.,* 81 NY2d 115; *Graham v Guilderland Cent. School Dist.,* 256 AD2d 863; *Shea v Cornell Univ.,* 192 AD2d 857). Furthermore, the plaintiff's cause of action for negligent infliction of emotional distress must also be dismissed insofar as asserted against the appellants, since there is no evidence that the conduct complained of unreasonably endangered the plaintiff's physical safety, or caused him to fear for his safety (*see, Johnson v New York City Bd. of Educ.,* 270 AD2d 310; *Perry v Valley Cottage Animal Hosp.,* 261 AD2d 522; *Davies v County of Nassau,* 260 AD2d 531). Krausman, J. P., Schmidt and Adams, JJ., concur.

McGinity, J., concurs in part and dissents in part and votes to reverse the order insofar as appealed from and grant the motion for summary judgment dismissing the complaint insofar as asserted against the appellants, with the following memorandum. The plaintiff, a junior at the defendant Archbishop Stepinac High School (hereinafter Stepinac), was allegedly sexually assaulted by three fellow students while on a trip to Europe chaperoned by two faculty members of the high

school. The plaintiff commenced the instant action against Stepinac and the Archdiocese of New York (hereinafter the Archdiocese) to recover damages for negligent supervision, intentional infliction of emotional distress, and negligent infliction of emotional distress. Stepinac and the Archdiocese moved for summary judgment and the Supreme Court denied their motion.

I agree with the majority that the Supreme Court should have dismissed the plaintiff's cause of action to recover damages for intentional infliction of emotional distress (*see, Howell v New York Post Co.,* 81 NY2d 115) as well as the plaintiff's cause of action for negligent infliction of emotional distress (*see, Johnson v New York City Bd. of Educ.,* 270 AD2d 310). Further, in my view, the Supreme Court should have granted the branch of the appellants' motion which was to dismiss the cause of action to recover damages for negligent supervision.

It is well settled that schools are under a duty to adequately supervise the students in their charge, and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44, 49; *Lawes v Board of Educ.,* 16 NY2d 302, 306). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Mirand v City of New York, supra,* at 49, quoting *Lawes v Board of Educ., supra,* at 306).

The appellants established their entitlement to summary judgment dismissing the complaint insofar as asserted against them by demonstrating that they had no prior notice or knowledge of the alleged dangerous proclivities of the particular students involved, or notice of specific threats by the particular students against the plaintiff. In opposition thereto, the plaintiff failed to produce proof sufficient to establish the existence of a material issue of fact sufficient to require a trial of the action (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In particular, the plaintiff failed to show that the appellants had sufficient knowledge of any threats that were allegedly made against the plaintiff prior to the trip.

As to the appellant Archdiocese, there was no evidentiary proof to controvert its assertion that it in no way exercised any control over the operation of Stepinac. Thus, under the circumstances, the Archdiocese was entitled to summary judgment dismissing the complaint insofar as asserted against it on that

additional ground, as contended in the lower court and briefed on appeal.

Accordingly, I would reverse the order insofar as appealed from, and grant summary judgment dismissing the complaint insofar as asserted against the appellants.