■ DANIEL B. LIPTON, Appellant, v UNUMPROVIDENT CORPORATION et al., Defendants, and SPEAR, LEEDS & KELLOGG, L.P., et al., Respondents. [783 NYS2d 601]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 12, 2003, which granted the motion of the defendants Spear, Leeds & Kellogg, L.P., and Goldman Sachs Group, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the fifth cause of action insofar as asserted against the defendant Spear, Leeds & Kellogg, L.P., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the fifth cause of action insofar as asserted against the defendant Spear, Leeds & Kellogg, L.P., is reinstated.

In August 1997 the plaintiff, an independent commodities broker, began clearing his trades through the Futures Division of the defendant Spear, Leeds & Kellogg, L.P. (hereinafter Spear Leeds). As a broker who cleared trades through Spear Leeds,

the plaintiff was eligible to participate in the group disability insurance plan which the company had established for its employees. The group insurance plan was underwritten by the defendant First Unum Life Insurance Company (hereinafter First Unum), and premiums for the plaintiff's participation in the plan were deducted by Spear Leeds from his trading funds.

The plaintiff claims that in the summer and fall of 1999, he began to experience difficulty in conducting his trades on the stock exchange floor, and after a series of tests, he was diagnosed as suffering from hearing loss. According to the plaintiff, in December 1999, he and Spear Leeds came to a "mutual agreement" that he would no longer clear trades through the firm. Thereafter, on December 31, 1999, the plaintiff submitted a claim for disability insurance benefits based upon his hearing loss. In connection with the plaintiff's application for benefits, Spear Leeds submitted a statement indicating that his last date of work for the company was December 31, 1999. Although First Unum initially approved the plaintiff's claim, it subsequently notified him that it was discontinuing payment of his disability benefits because it had determined that his relationship with Spear Leeds actually had been terminated on December 15, 1999, about two weeks before he claimed a disability.

The plaintiff subsequently commenced this action against several parties, including First Unum, Spear Leeds, and Spear Leeds's parent company, Goldman Sachs Group, Inc. (hereinafter Goldman Sachs), seeking, inter alia, to recover damages for breach of contract, negligent misrepresentation, negligent infliction of emotional distress, and breach of fiduciary duty. Spear Leeds and Goldman Sachs responded by moving to dismiss the complaint pursuant to CPLR 3211 (a) (7), contending that it failed to state a cause of action insofar as asserted against them. The Supreme Court granted the motion in its entirety, and the plaintiff appeals.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the complaint insofar as asserted against Goldman Sachs. A parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete dominion and control over the subsidiary (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980]; *Potash v Port Auth. of N.Y. & N.J.*, 279 AD2d 562 [2001]). Since the plaintiff has alleged no facts indicating that Goldman Sachs exercised such dominion and control over Spear Leeds, there is no basis upon which to predicate liability against Goldman Sachs (*see Potash v Port Auth. of N.Y. & N.J., supra; Daniels*

*v Zelco, Inc.*, 159 AD2d 538 [1990]; *Horowitz v Aetna Life Ins.*, 148 AD2d 584 [1989]). Moreover, the plaintiff has made no showing that discovery might reveal the existence of facts, within the defendants' control, which would warrant the denial of the motion with respect to Goldman Sachs (*see* CPLR 3211; *Gabrielli Truck Sales v Reali*, 258 AD2d 437 [1999]; *Glassman v Catli*, 111 AD2d 744 [1985]).

Furthermore, the Supreme Court properly dismissed the plaintiff's breach of contract claim insofar as asserted against the defendant Spear Leeds. Although Spear Leeds procured the subject group insurance plan for the benefit of its employees and certain brokers, it was not a party to the contract of insurance between participants in the plan and First Unum (*see* 1 Couch, Insurance § 8.8 [3d ed]). Thus, Spear Leeds owes no contractual duty to the plaintiff, and no breach of contract claim lies against it for First Unum's refusal to pay disability benefits to the plaintiff.

In addition, the plaintiff failed to state a cause of action against Spear Leeds for the negligent infliction of emotional distress. Although physical injury is no longer a necessary element of a negligent infliction of emotional distress claim, such a cause of action generally must be premised on conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety (*see Crispino v Greenpoint Mtge. Corp.*, 2 AD3d 478, 480 [2003]; *Doe v Archbishop Stepinac High School*, 286 AD2d 478 [2001]; *Johnson v New York City Bd. of Educ.*, 270 AD2d 310 [2000]; *Perry v Valley Cottage Animal Hosp.*, 261 AD2d 522 [1999]). No such conduct is alleged in this case.

However, accepting the facts set forth in the complaint and the plaintiff's affidavit as true, and according him the benefit of every favorable inference, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]), we find that the fifth cause of action, which seeks to recover damages for breach of fiduciary duty, states a cause of action against Spear Leeds. Since it is undisputed that the plaintiff was an independent contractor rather than an employee of Spear Leeds, the company owed no fiduciary duty to him under ERISA (*see Nationwide Mut. Ins. Co. v Darden*, 503 US 318 [1992]). However, in its role as policyholder and administrator of a group insurance plan which it procured for the benefit of both its employees and brokers who cleared trades through the company, Spear Leeds owed the plaintiff a common-law duty of good faith in administering the

plan (*see Dunaief v Union Sav. Bank*, 196 AD2d 642 [1993]; *Rey v St. Francis Hosp.*, 86 AD2d 656 [1982]; *McGinnis v Bankers Life Co., Des Moines, Iowa*, 39 AD2d 393 [1972]). This common-law duty encompassed an obligation to inform plan participants of the precise date that their eligibility for coverage would terminate (*see Dunaief v Union Sav. Bank, supra; Rey v St. Francis Hosp., supra; McGinnis v Bankers Life Co., Des Moines, Iowa, supra*). Thus, to the extent that the plaintiff's fifth cause of action is based upon allegations that Spear Leeds failed to inform him that it had terminated its relationship with him for insurance purposes as of December 15, 1999, and/or breached its duty of good faith in administering the plan by providing First Unum with false and inaccurate information about his eligibility status under the plan, it states a cognizable cause of action under New York law.

Although Spear Leeds' duty to administer the plan in good faith required it to provide the plaintiff with accurate information about his eligibility to participate in the plan, his negligent misrepresentation claim against the company was properly dismissed, since he failed to set forth, with specificity, what false representations allegedly were made to him by Spear Leeds, and how they caused him damages (*see* CPLR 3016 [b]; *Schneider v Hand*, 296 AD2d 454 [2002]; *Cohen v Houseconnect Realty Corp.*, 289 AD2d 277 [2001]; *Lakeville Pace Mech. v Elmar Realty Corp.*, 276 AD2d 673, 676 [2000]; *Scomello v Caronia*, 232 AD2d 625 [1996]).

The plaintiff's remaining contentions are without merit. Smith, J.P., Krausman, Crane and Mastro, JJ., concur.