■ JANNAE CHATHAM, Individually and as Administratrix of the Estate of CEDRIC D. CHATHAM, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants. [812 NYS2d 463]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered on or about September 26, 2005, which, in an action for wrongful death against defendants City and residence for emotionally disturbed children, arising out of an assault perpetrated by one resident of the home against another, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to meet their initial burden of showing prima facie that they could not have reasonably anticipated the assault (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Defendants' reliance on the transcripts of the perpetrator's criminal trial (*People v Charles*, 243 AD2d 285 [1997], *lv denied* 91 NY2d 971 [1998]) is misplaced, since their notice of the perpetrator's violent tendencies was not in issue therein. Defendants' reliance on the deposition testimony of a staff member on duty on the night of the incident that the perpetrator had never before exhibited any violent tendencies is also misplaced, since she was not present earlier that day to see the alleged confrontation between the perpetrator and victim or to hear the perpetrator's alleged subsequent repeated threats against the victim; nor did she indicate a senior representative capacity or knowledge of the home's relevant records in which dangerous misconduct would have been logged. Notably, defendants did not refute the allegation that the perpetrator had been arrested for a violent offense before he was admitted to the home. In any event, plaintiff's opposition adduced evidence sufficient to raise issues of fact as to the perpetrator's violent tendencies, including the testimony at the criminal trial of various home residents, and of the home's awareness of the perpetrator's threat to kill the victim (*see Mirand*, 84 NY2d at 46-47, 50; *Doe v Archbishop Stepinac High School*, 286 AD2d 478, 479 [2001]), including testimony at the criminal trial that the perpetrator repeated the threat at the dinner table in the presence of a staff member. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Malone, JJ.