ETTA COHEN, Appellant, v A. LOUIS SHURE, Respondent.

Second Department, December 11, 1989

## APPEARANCES OF COUNSEL

*Gerald J. Mondora* for appellant.

*Rivkin, Radler, Dunne & Bayh (Edward J. Hart, John R. Dunne* and *Evan H. Krinick* of counsel), for respondent.

## OPINION OF THE COURT

LAWRENCE, J.

This appeal involves the statutory requirements which must

be met when serving process on an individual pursuant to CPLR 308 (2).

On or about March 10, 1986, the plaintiff purportedly commenced this action, alleging podiatric malpractice, by service of a summons and verified complaint on the defendant. The defendant interposed an answer to that summons and complaint which included the affirmative defense of lack of personal jurisdiction.

Apparently, in order to cure the allegedly defective service, on or about October 14, 1986, the plaintiff's attorney allegedly served the pleadings, again pursuant to CPLR 308 (2), by delivering the process to the doorman of the defendant's apartment house and by mailing a copy of the pleadings to the defendant's last known residence by certified mail, return receipt requested. When the defendant did not re-serve his answer, the plaintiff moved, *inter alia,* for leave to enter a default judgment on the ground that the defendant had not responded to the process served on October 14, 1986. The defendant cross-moved to dismiss the complaint, *inter alia,* on the ground that the October 14, 1986, service was not in compliance with CPLR 308 (2).

After a hearing, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion on the ground that the plaintiff had not complied with the mailing requirement set forth in CPLR 308 (2). The court specifically found that CPLR 308 (2) required that the mailing was to be by first-class mail and that mail sent certified, return receipt requested, did not comply with the statutory requirement. Upon granting the plaintiff's motion for reargument, the Supreme Court adhered to its original determination, and, thereafter, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint.

CPLR 308 (2) provides, in pertinent part, that

"[p]ersonal service upon a natural person shall be made * * *

"2. by delivering the summons * * * to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by * * * mailing the summons to the person to be served at his or her last known residence".

Contrary to the Supreme Court's determination, the mailing of the process to the defendant's last known residence by certified mail, return receipt requested, met the mailing

requirement in CPLR 308 (2). The statute does not provide for the use of any particular class of mail when the process is mailed to the defendant's last known residence. CPLR 308 (2) was amended, effective July 15, 1987, to provide that the summons may be mailed by first-class mail to the person to be served at his actual place of business (L 1987, ch 115, § 1). However, this amendment did not affect the provision for mailing to the defendant's residence and hence is not applicable to this case. In any event, in this case the summons and complaint were sent by first-class mail (see, 39 CFR part 3001, subpart C, Appendix A, Classification Schedule 100—First-Class Mail § 100.011). Moreover, the use of the "certified" and "return receipt" services, which are available for first-class mail (see, 39 CFR part 3001, subpart C, Appendix A, Classification Schedule SS-5—Certified Mail §§ 5.020, 5.040 [b]) are not prohibited when the mailing is made to the defendant's last known residence.* While a signature may be required of the addressee before the delivery is made, "[i]f the initial attempt to deliver the [certified] mail is not successful, a notice of arrival is left at the mailing address" (39 CFR part 3001, subpart C, Appendix A, Classification Schedule SS-5—Certified Mail § 5.023). In this case, the envelope in which the process was mailed indicates that two such notices were left at the defendant's residence, and that fact is not disputed by the defendant. That the envelope containing the process was not claimed by the defendant does not preclude a finding that the mailing was sufficient under CPLR 308 (2). There is no additional requirement that the defendant actually receive the mailing before jurisdiction is acquired over him, although nonreceipt may be relevant under circumstances not present herein (see, CPLR 317).

 The defendant also seeks to sustain the dismissal of the complaint on the ground of lack of personal jurisdiction on the additional basis that the process in question was not served upon a person of suitable age and discretion at his actual dwelling place. While the Supreme Court did not reach this issue, our authority is as broad as that of the Supreme Court and, as noted by the defendant, under the circumstances, we can render a determination warranted by the facts (see, *Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499; *Franz v Franz*, 107 AD2d 1060, 1061).

---

* We do not pass upon the use of the "certified" and "return receipt" services when the mailing of the summons is to the defendant's actual place of business.

■ At the hearing, the plaintiff's attorney testified that because the process servers he had hired had been unable to serve the defendant, on October 14, 1986, he decided to personally serve the defendant at his apartment house. On that date, the plaintiff's attorney was told by the building's doorman that the defendant said he was unable to see anyone because he was not feeling well, but that the summons and complaint could be left with the doorman. While the plaintiff's attorney did not obtain the name of the doorman, his detailed description fairly matched the description of the doorman, who testified on behalf of the defendant, and who claimed that he was on duty on October 14, 1986. The doorman claimed that he had never accepted service of the pleadings from the plaintiff's attorney, stating that he would not have accepted such papers because he was not authorized to accept the papers; that if such service was attempted, he would direct the person to the concierge to ring the tenant's apartment; and that there was a sign posted on the bulletin board in the employees' locker room to never under any circumstances accept anything for the defendant. However, the doorman did not indicate when the notice was posted in the locker room or whether the notice applied when the defendant was in his apartment and specifically asked the doorman to accept documents, as the plaintiff's attorney indicated was the case here. Under the circumstances, we find that the testimony of the plaintiff's attorney as to what occurred on October 14, 1986, is credible *(see, Kardanis v Velis,* 90 AD2d 727), and we do not credit the doorman's unsupported claim that he did not accept the documents. Therefore, the delivery of the process to the doorman was appropriate for the purposes of service pursuant to CPLR 308 (2) *(see, Braun v St. Vincent's Hosp. & Med. Center,* 57 NY2d 909; *F.I. duPont, Glore Forgan & Co. v Chen,* 41 NY2d 794).

■ However, the plaintiff's motion, *inter alia,* for leave to enter a default judgment was properly denied. Since the defendant had already served an answer, he was not required to re-serve the answer upon the re-service of the pleadings. While the plaintiff, if she be so advised, may move to dismiss the affirmative defense of lack of personal jurisdiction, she is not entitled to enter a default judgment.

We note that since the transcript of the hearing was reproduced by the defendant in his appellate brief, we are not awarding costs to the plaintiff on these appeals.

■ Accordingly, the judgment is reversed, on the law and the facts, without costs or disbursements, so much of the order dated March 15, 1988, as granted the defendant's cross motion to dismiss the complaint on the ground of lack of personal jurisdiction and so much of the order dated March 22, 1988, as adhered to the original determination with respect to the cross motion are vacated and the defendant's cross motion is denied. The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). However, the issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]). In addition, the appeal from the order dated March 15, 1988 must be dismissed on the additional ground that the order was superseded by the order dated March 22, 1988, made upon reargument.

BROWN, J. P., EIBER and SPATT, JJ., concur.

Ordered that the appeals from the orders dated March 15, 1988 and March 22, 1988, respectively, are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and so much of the order dated March 15, 1988, as granted the defendant's cross motion and so much of the order dated March 22, 1988, as adhered to the original determination with respect to the cross motion are vacated, and the cross motion is denied.