Biological Concepts, Inc., Respondent, v Silvia P. Rudel, Appellant.

Third Department, July 12, 1990

---

**APPEARANCES OF COUNSEL**

*Theodore J. Greene, P. C. (Donald Zimmerman* of counsel), for appellant.

*Goldstein & Stoloff (Carl P. Goldstein* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

By notice of motion for summary judgment in lieu of complaint *(see,* CPLR 3213), plaintiff seeks judgment on a $25,000 promissory note. Defendant alleged, *inter alia,* that Supreme Court failed to obtain personal jurisdiction by reason of improper service. After a hearing, Supreme Court found that service had properly been effected upon defendant pursuant to CPLR 308 (2). We disagree.

At the hearing regarding how service was effected, Warren Pierce, a professional process server, testified that on June 15, 1988 he entered a large residential apartment building in Elizabeth, New Jersey, for the purpose of serving process in this action on defendant. Immediately inside the outside entrance, a directory indicated that two residences were occupied by individuals with defendant's surname Rudel. He testified that the directory did not contain any first names. To gain further access to the building's lobby, an inside door had to be unlocked by a buzzer from an apartment in response to a visitor's initial buzzer. While Pierce did not recall which apartment's buzzer he pressed first, he did remember that the entrance door to the lobby opened in response to his pressing the second buzzer. Pierce took the elevator to the seventh floor and knocked on the door of apartment 7L. An elderly lady opened the door and identified herself as Mrs. Harry Rudel.[1] When Pierce informed her that he had legal papers to serve on defendant, she told him that defendant was her daughter-in-law and lived in apartment 8A. When nobody responded to Pierce's knock or bell ring at apartment 8A, he returned to apartment 7L and served the papers on defendant's mother-in-law.

Defendant testified that she was at home in apartment 8A during the entire 24-hour period comprising June 15, 1988. She also testified that the directory in the lobby of the apartment building identified the occupants of apartment 8A as "Sylvia and Harry Rudel."[2] Further, defendant's daughter Rebecca, who was in her grandmother's apartment during the time frame under review herein, testified that prior to the

1. This woman's name was Henrietta and she died prior to the hearing.
2. Defendant's husband apparently also was named Harry Rudel.

doorbell of apartment 7L ringing, there was no "buzz" in the apartment from the downstairs entrance way. This proof raises the inference that Pierce was "buzzed" into the apartment building by defendant.

While the above-recited factual pattern clearly identifies defendant's mother-in-law as "a person of suitable age and discretion" within the contemplation of CPLR 308 (2) for the purpose of accepting service of process, we reach a different conclusion upon application of the same facts to the further statutory requirement that personal service be made "by delivering the summons * * * to a person * * * at the actual * * * dwelling place or usual place of abode of the person to be served" (CPLR 308 [2]). Unlike the situation in *duPont, Glore Forgan & Co. v Chen* (41 NY2d 794), the process server did not make repeated efforts at service at defendant's apartment and was not denied access to the apartment building by a doorman who took the papers so as to extend the bounds of defendant's apartment. Nor was defendant's building a small private house in which defendant's apartment was not identifiable as was the case in *Roldan v Thorpe* (117 AD2d 790, *lv dismissed* 68 NY2d 663). Likewise, the situation herein is not analogous to a doorman preventing entry beyond the lobby and accepting delivery of the legal papers as occurred in *Cohen v Shure* (153 AD2d 35; *see also, Braun v St. Vincent's Hosp. & Med. Center,* 57 NY2d 909).

Here, the evidence strongly suggests that the apartment of the person to be served was identified and that she was at home at the time Pierce knocked on her door. Indeed, Pierce had access to the apartment and made but one minimal effort to rouse defendant. Under such circumstances, more persistent efforts on the part of the process server, including more visits to defendant's apartment, are required before personal service on defendant's mother-in-law at a different apartment can possibly be deemed to satisfy the requirements of CPLR 308 (2). Service by means other than those authorized is not sufficient *(see, Macchia v Russo,* 67 NY2d 592).

Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

Order modified, on the law, with costs to defendant, by reversing so much thereof as dismissed the defense of lack of personal jurisdiction; summary judgment awarded to defendant on said defense and action dismissed; and, as so modified, affirmed.