■ GLENDORA, Appellant, v LYDIA GALLICANO et al., Respondents. [615 NYS2d 45] —In an action, *inter alia,* to recover damages for breach of an implied warranty of habitability and negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered July 14, 1993, which, *inter alia,* granted the defendants' cross motion to dismiss the plaintiff's complaint, and denied the plaintiff's motion for leave to enter a default judgment.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, service by mail is complete upon the date the papers are deposited in the mail, not the date of receipt by the party to be served *(see,* CPLR 2103 [b]; *Jenny Oil Corp. v Petro Prods. Distribs.,* 121 AD2d 687). Accordingly, the defendants timely served their motion to dismiss by mail delivery postmarked on May 4, 1993, which was within the 20-day period set forth in CPLR 320 for either answering the complaint or bringing a motion to dismiss.

We find that the complaint fails to state a cause of action to recover damages for negligent infliction of emotional distress. While physical injury is no longer a necessary element, a cause of action to recover damages for negligent infliction of emotional distress must generally be premised upon conduct which "unreasonably endangers" the plaintiff's physical safety *(see, De Rosa v Stanley B. Michelman, P. C.,* 184 AD2d 490, 491). No such conduct is alleged here, and the plaintiff's claim does not come within any recognized exception to the foregoing rule *(see, Johnson v State of New York,* 37 NY2d 378).

We further find that the plaintiff was collaterally estopped and/or barred by res judicata from relitigating the remaining

issues in this case *(see, Boronow v Boronow,* 71 NY2d 284, 290; *Kaufman v Lilly & Co.,* 65 NY2d 449, 455; *Matter of Manshul Constr. Corp. v New York City School Constr. Auth.,* 192 AD2d 659). Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.