■ DEAN M. LOSQUADRO, an Infant, by His Mother and Natural Guardian, TERESA LOSQUADRO, et al., Respondents, v WINTHROP UNIVERSITY HOSPITAL et al., Appellants, and JOHN GOMES et al., Respondents. [628 NYS2d 770] —In an action to recover damages, *inter alia,* for negligent infliction of emotional distress, the defendants Anthony Batista, Winthrop University Hospital, and Beth Cohen appeal, as limited by their notices of appeal and briefs, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated March 4, 1994, as denied the branches of their respective motions for partial summary judgment dismissing the sixth through tenth causes of action on the merits.

Ordered that the appeal of Beth Cohen is dismissed, without costs or disbursements, since she is not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from,

on the law, the branches of the motions of the defendants Anthony Batista and Winthrop University Hospital which were for partial summary judgment dismissing the sixth through tenth causes of action on the merits are granted; and it is further,

Ordered that, upon searching the record, the order is modified, on the law, by deleting the provisions thereof which denied the branches of the motions of the remaining defendants, John Gomes and Jeffrey Lieberman, which were for partial summary judgment dismissing the sixth through tenth causes of action on the merits, and substituting therefor provisions granting such relief; and it is further,

Ordered that the defendants Winthrop University Hospital and Anthony Batista are awarded one bill of costs.

The Supreme Court erred by failing to grant partial summary judgment to all of the defendants with respect to the sixth through tenth causes of action for damages for negligent infliction of emotional distress. The plaintiffs' allegations with respect to these causes of action fail to set forth any duty owed by the defendants to the plaintiff Teresa Losquadro *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523, 526-527; *Kalina v General Hosp.,* 13 NY2d 1023; *Tenuto v Lederle Labs.,* 207 AD2d 541; *see also, Landon v New York Hosp.,* 101 AD2d 489, *affd* 65 NY2d 639). Moreover, while physical injury is no longer a necessary element of a cause of action to recover damages for negligent infliction of emotional distress, such a cause of action must generally be premised upon conduct that unreasonably endangers the plaintiff's physical safety *(see, Glendora v Gallicano,* 206 AD2d 456; *De Rosa v Stanley B. Michelman, P. C.,* 184 AD2d 490, 491). No such conduct is alleged in this case, and the plaintiff Teresa Losquadro's claims of emotional distress do not come within any recognized exception to the foregoing rule *(see, Johnson v State of New York,* 37 NY2d 378). Moreover, they are remote and speculative *(see, e.g., Kaufman v Physical Measurements,* 207 AD2d 595, 596).

We disagree with the Supreme Court's determination that the allegations underlying the plaintiff's sixth through tenth causes of action demonstrate that the plaintiff might be able to plead a legally sufficient cause of action to recover damages for fraud *(see, Callas v Eisenberg,* 192 AD2d 349, 350; *Rivera v Wyckoff Hgts. Hosp.,* 184 AD2d 558, 561; *Spinosa v Weinstein,* 168 AD2d 32, 41-42). Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.