OPINION OF THE COURT
Thomas V. Polizzi, J.
Motion by defendants to dismiss plaintiff’s complaint for its failure to state a cause of action, to dismiss the first seven causes of action for failure to timely commence them within the applicable Statute of Limitations and, as to defendant Eddy Lilavois (hereinafter Lilavois), to dismiss for lack of personal jurisdiction and cross motion by plaintiff for a continuance of defendants’ motion to permit disclosure and to deem the filing of his affidavit of service of the summons and complaint as timely.
Defendants’ motion is granted solely to the extent that the sixth and eighth causes of action of plaintiff’s complaint are hereby dismissed, as well as any claims for defamation.
The branch of defendants’ motion which seeks to dismiss the complaint as to defendant Lilavois for lack of personal jurisdiction must be denied. Service upon the doorman of an apartment building where a defendant resides has been held to be proper. (See, Braun v St. Vincent’s Hosp. & Med. Ctr., 57 NY2d 909; Cohen v Shure, 153 AD2d 35.) Further, Lilavois’ claim that he did not actually receive the mailing is insufficient. Actual receipt of the mailing is not required to obtain jurisdiction. (See, Cohen v Shure, supra.)
*835 Plaintiff’s claims arise out of the alleged negligent and intentional failure of defendant Lilavois, a Medical Examiner of defendant City of New York, to properly perform an autopsy of plaintiff’s deceased child in classifying the death as a homicide and, moreover, the failure of Lilavois to inform plaintiff or the authorities investigating the homicide of his error when he discovered that the child died of natural causes. Specifically, upon examination of the body on or about August 7, 1993, Lilavois filed an autopsy report and death certificate listing the cause of death as "blunt injuries of neck and brain” and the manner of death as a homicide. It is apparent that plaintiff immediately became the primary suspect in the homicide investigation. On or about August 31, 1993, an examination of the deceased child’s brain by Lilavois revealed that he had in fact died from an aneurysm, or natural causes. This finding was not communicated to any authorities or to plaintiff and the death certificate was not corrected. As a result, plaintiff allegedly continued to be suspected of homicide by his neighbors and family members and continued to be the subject of the police investigation. Finally, after newspaper accounts reported the error of Lilavois, he amended his autopsy report on March 9, 1995 to reflect the true cause of death and informed law enforcement agencies and plaintiff of the change. Plaintiff claims that as a result of the unnecessary suspicions surrounding his guilt in the apparent homicide of his child, his wife divorced him and he was otherwise caused severe emotional distress.
Based upon the foregoing, plaintiff has asserted eight causes of action in his complaint. On the branch of the motion to dismiss pursuant to CPLR 3211 (a) (7), all of the allegations must be assumed as true. (See, Leon v Martinez, 84 NY2d 83.) It is apparent that the first seven causes of action against defendants are for intentional infliction of emotional distress, negligent infliction of emotional distress and defamation. The eighth cause of action is for violations of plaintiff’s civil rights.
The sixth cause of action against defendants Police Department of the City of New York and the City of New York must be dismissed for plaintiff’s failure to commence it within the applicable Statute of Limitations. The cause of action arose when the allegedly defamatory statements about plaintiff were made by the police at the deceased child’s wake in August of 1993. The action for defamation was commenced on November 3, 1995, well after the 1-year and 90-day Statute of Limitations expired. (General Municipal Law § 50-i.)
*836 With respect to the erroneous statements by the other defendants that the cause of death was a "homicide” and "blunt injuries of neck and brain”, such statements are not directly defamatory of plaintiff. They are merely medical findings concerning the child and do not necessarily implicate plaintiff. Thus, the complaint fails to state a cause of action for defamation against these defendants and any such claim is hereby dismissed.
Defendants’ assertion that the claims for negligent and intentional infliction of emotional distress are time barred is without merit. The concealment by Lilavois of his wrongdoing equitably estops defendants from asserting the defense of the Statute of Limitations. Plaintiff did not become aware of the alleged wrongful conduct of the failure to inform the authorities and plaintiff of the true cause of death until March of 1995. Although the doctrine of " '[Ejquitable estoppel will be applied against governmental agencies only in exceptional cases’ ” (Zaiman v Metropolitan Tr. Auth., 186 AD2d 555, 556, quoting Di Geloromo v Metropolitan Suburban Bus Auth., 116 AD2d 691), the court finds that this is such a case and that all of the necessary elements are present. Accordingly, the Statute of Limitations did not begin to run until March of 1995 and plaintiff’s causes of action for intentional and negligent infliction of emotional distress were timely commenced.
In addition, contrary to defendants’ assertions, the complaint adequately states causes of action for negligent and intentional infliction of emotional distress. A cause of action for intentional infliction of emotional distress requires allegations of outrageous conduct which transcends all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized society and which either intentionally or recklessly causes severe emotional distress. (See, Howell v New York Post Co., 81 NY2d 115, 122; Fischer v Maloney, 43 NY2d 553, 557; Halio v Lurie, 15 AD2d 62.) The allegations set forth in plaintiff’s complaint meet these requirements.
In addition, plaintiff has sufficiently set forth a claim for negligent infliction of emotional distress. Generally, such a cause of action for purely emotional harm must be premised upon conduct which unreasonably endangered plaintiff s physical safety. (See, Losquadro v Winthrop Univ. Hosp., 216 AD2d 533; Glendora v Gallicano, 206 AD2d 456; De Rosa v Michel-man, 184 AD2d 490.) However, there is a limited exception to this general rule which allows recovery in certain instances where the defendant has breached a duty owed directly to the *837 plaintiff. (See, Johnson v State of New York, 37 NY2d 378.) The courts have determined that the limited circumstances are present when a death of a relative is involved and that there is "a duty to transmit truthfully information concerning a relative’s death or funeral”. (Johnson v Jamaica Hosp., 62 NY2d 523, 530; see, Johnson v State of New York, supra.) Defendants’ claim that no duty was owed directly to plaintiff is without merit. Even if, as defendants assert, the duty to perform the original autopsy in a responsible manner was owed solely to the public at large as a governmental function, when Lilavois later discovered his error, a duty was owed directly to plaintiff to transmit truthfully the information concerning his son’s death, especially in light of Lilavois’ alleged knowledge that plaintiff was suspected of the homicide. Plaintiffs case falls within the limited exception to the general rule requiring fear for one’s physical safety.
Finally, despite defendants’ claims, the court finds that plaintiff has sufficiently set forth allegations to establish that a special duty or relationship as defined in Cuffy v City of New York (69 NY2d 255) existed between the municipality and plaintiff such that defendants may be held liable for its wrongful acts even though they were committed while performing a governmental function. The factual circumstances of this case lead the court to conclude that the requirements of Cuffy (supra) have been met. Additionally, the obligation to correct a death certificate by a Medical Examiner upon the discovery of an error may be considered a ministerial act and liability may thus be imposed even without the existence of a special duty. (See, Haddock v City of New York, 75 NY2d 478.)
Plaintiffs eighth cause of action for a violation of his civil rights fails to set forth a cognizable claim and must be dismissed.
Plaintiff’s cross motion is granted to the extent that the filing of the affidavit of service of the summons and complaint upon defendant Lilavois is hereby deemed filed in a timely manner.