*389 OPINION OF THE COURT
Lorraine S. Miller, J.
Plaintiff is a female employee of defendant, Giorgio Sant’Angelo Collectibles, Inc. (Giorgio), which operates a garment center clothing business. She is seeking to hold Giorgio and its president and chief executive officer, Nathan Shapiro (Shapiro), liable for sex discrimination pursuant to Executive Law § 296 (1) (a), known as the Human Rights Law of the State of New York, unlawful gender discrimination under Administrative Code of the City of New York § 8-107 (1) (a), also known as the Human Rights Law of the City of New York, intentional infliction of emotional distress, and negligent infliction of emotional distress.
Defendants now move to dismiss the fourth cause of action— negligent infliction of emotional distress. Defendants argue that the particular cause of action is barred by workers’ compensation and, furthermore, that it must be dismissed for failure to state a cause of action. For reasons discussed hereafter, the motion is granted.
Plaintiff was hired as an administrative assistant in January 1991, when Shapiro was the president and chief executive officer. According to plaintiff, she was constantly harassed by Shapiro and other employees for over three years — from January 1994 to July 10, 1997, the date of her dismissal. Specifically, as alleged in the complaint, the harassment consisted of, but was not limited to, Shapiro asking plaintiff if he could see her “pussy”; asking, “what color is your pussy”; telling her that her job was to “take it all in the ass” and “have sex with two men at the same time.” Such conduct was so open and notorious that other employees allegedly joined in the harassment by laughing. Although plaintiff does not specifically indicate to whom she complained, she alleges that her complaints were ignored and that defendants failed to remedy the situation, allowing the harassment to continue. She brings this suit for damages resulting therefrom.
Motion to Dismiss
On a motion to dismiss pursuant to CPLR 3211, a pleading is to be liberally construed (CPLR 3026). The court is to “accept the facts as alleged in the complaint as true, accord plaintiff * * * the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 *390 [1994]). In accordance with such principles, the court nevertheless finds that the within complaint fails to adequately state a cause of action for negligent infliction of emotional distress. Additionally, the claims alleged herein are barred by the Workers’ Compensation Law.
Negligent Infliction of Emotional Distress
Courts of this State have generally been reluctant to allow recovery for purely psychic injuries. In Kennedy v McKesson Co. (58 NY2d 500 [1983]), the Court of Appeals recognized three distinct lines of cases involving recovery for emotional harm. The first line of cases holds that when “there is a duty owed by defendant to plaintiff, breach of that duty resulting directly in emotional harm is compensable even though no physical injury occurred” (Kennedy v McKesson Co., supra, at 504). The second one encompasses the “zone of danger” rule, “which allows one who is himself or herself threatened with bodily harm in consequence of the defendant’s negligence to recover for emotional distress resulting from viewing the death or serious physical injury of a member of his or her immediate family” (Bovsun v Sanperi, 61 NY2d 219, 228 [1984]). The last line of cases “involves the violation of a duty to plaintiff which results in physical injury to a third person but only financial or emotional harm or both to the plaintiff” (Kennedy v McKesson Co., supra, at 505; see also, Howard v Lecher, 42 NY2d 109 [1977]).
Plaintiff’s claim for negligent infliction of emotional distress falls under the first line of cases. It was in Ferrara v Galluchio (5 NY2d 16, 21) that the Court held that freedom from mental disturbance is a protected interest in the State and that problems of vexatious suits and fictitious claims should not preclude meritorious claims with “some guarantee of genuineness in the circumstances of the case”. Following that lead, the Court in Battalla v State of New York (10 NY2d 237 [1961]) overruled Mitchell v Rochester Ry. Co. (151 NY 107) (which had held that no recovery can be had for fright negligently induced), holding that physical injury is not a necessary element to the cause of action for negligent infliction of emotional distress. Courts have nevertheless narrowed the circumstances under which recovery may be allowed being mindful that emotional harm can be easily feigned. While Battalia may have eliminated the need for physical impact or injury, courts have thus far been very reluctant to stray too far. In a compromise of sorts between the need to do justice by recognizing valid *391 claims and the realities of being overwhelmed by frivolous claims, a rule has developed requiring at least a threat of such impact or injury before claim may be maintained. Therefore, “[t]he circumstances under which recovery may be had for purely emotional harm are extremely limited and, thus, a cause of action seeking such recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiffs physical safety or caused the plaintiff fear for his or her own physical safety” (Lancellotti v Howard, 155 AD2d 588, 589-590 [1989]). Courts had found their index of reliability in requiring that the alleged conduct “unreasonably endanger” a plaintiffs physical safety (see, De Rosa v Stanley B. Michelman, P. C., 184 AD2d 490 [2d Dept 1992]; Losquadro v Winthrop Univ. Hosp., 216 AD2d 533 [2d Dept 1995]; Glendora v Gallicano, 206 AD2d 456 [2d Dept 1994]).
There have been only a very few exceptions to the general rule. Recovery is allowed for “emotional harm resulting from negligent transmission by a telegraph company of a message announcing death” (Johnson v State of New York, 37 NY2d 378, 382 [1975]); “emotional harm to a close relative resulting from negligent mishandling of a corpse” (Johnson v State of New York, supra, at 382); and emotional harm from the Medical Examiner’s failure to reveal the results of an autopsy concerning the death of a relative (Lauer v City of New York, 171 Misc 2d 832 [Sup Ct, Queens County 1997]).
As is apparent from the foregoing cases and the holdings since Battalia (supra), negligent infliction of emotional distress has developed to permit recovery for emotional harm arising from medical malpractice actions and other torts that involve danger to life or limb. It is not well suited to deal with sexual harassment not involving physical contact or a threat thereof.
The case at bar is not an action for medical malpractice nor one concerning the “zone of danger” rule — plaintiff is not claiming she witnessed or learned of another’s injury or death. Here the court is concerned with sexual harassment and discrimination in the workplace where an employer has a duty to take reasonable steps to remedy the harassment (Snell v Suffolk County, 782 F2d 1094 [2d Cir 1986]). Plaintiff has alleged that defendants breached that duty by failing to remedy the situation complained of and thereby allowed the harassment to continue. Unfortunately, she has failed to allege sufficient facts to support her allegation of fear for physical injury resulting from defendants’ failure to end the harassment. *392 Plaintiff has not alleged any incidents of touching or any threat thereof. Even though “our society has ceased seeing sexual harassment in the workplace as a playful inevitability that should be taken in good spirits and has awakened to the fact that sexual harassment has a corrosive effect on those who engage in it as well as those who are subjected to it and that such harassment has far more to do with the abusive exercise of one person’s power over another than it does with sex” (Retherford v AT & T Communications, 844 P2d 949, 978 [Utah 1992]), the case history of this State has shown that short of sexual assault or battery, or threat thereof, there will be no cause of action for negligent infliction of emotional distress.
Workers’ Compensation Law
Even assuming, arguendo, that plaintiff has adequately stated a cause of action for negligent infliction of emotional distress, it is barred by the Workers’ Compensation Law. Workers’ Compensation Law § 29 (6) states that “[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in the same employ.” Therefore, the remedy provided by that law is exclusive insofar as it applies and, in fact, provides a remedy (Scherini v Titanium Alloy Co., 286 NY 531 [1941]). Since negligence is exclusively covered by the Workers’ Compensation Law, the claim for negligent infliction of emotional distress must therefore be barred (Torres v Pisano, 116 F3d 625 [2d Cir 1997]; Persaud v Axelrod Co., 1996 WL 11197 [SD NY, Jan. 10, 1996, Patterson, Jr., J.]; Chrzanowski v Lichtman, 884 F Supp 751 [WD NY 1995]; Meletiche v Holiday Inn Worldwide, 1996 WL 239893 [SD NY, May 8, 1996, Jones, J.]; see also, Burlew v American Mut. Ins. Co., 63 NY2d 412 [1984]). Plaintiff, by citing the law of other States while ignoring what appears to be the clear law of New York, has failed to persuade the court to hold otherwise.
Accordingly, defendants’ motion to dismiss plaintiff’s fourth cause of action for negligent infliction of emotional distress is granted.