■ CLAUDIA PERRY et al., Appellants, v VALLEY COTTAGE ANIMAL HOSPITAL et al., Respondents. [690 NYS2d 617] —In an action, *inter alia,* to recover damages for negligent and intentional infliction of emotional distress, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated April 1, 1998, as granted that branch of the motion of the defendants Valley Cottage Animal Hospital, Russell J. Petro, Robert S. Haims, and ITT Hartford Insurance Company which was to dismiss the second cause of action and denied those branches of their cross motion which were to enter a default judgment against the defendant William V. Bitetto upon his default in appearing and to disqualify the defendants' attorney.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs contend that the defendants Valley Cottage Animal Hospital, Russell J. Petro, and Robert S. Haims negligently and intentionally inflicted emotional distress upon them in their treatment of the plaintiffs' pet dog. We disagree. The alleged conduct does not constitute intentional infliction of emotional distress since it is not so extreme in degree as to go beyond all possible bounds of decency, and cannot be regarded as atrocious and utterly intolerable in a civilized community (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303; *see also, Howell v New York Post Co.,* 81 NY2d 115; *Freihofer v Hearst Corp.,* 65 NY2d 135). Further, the alleged conduct does not constitute negligent infliction of emotional distress. While physical injury is not a necessary element of a cause of action to recover damages for negligent infliction of emotional distress, such a cause of action must generally be premised upon conduct that unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his

or her own safety (*see, Hecht v Kaplan,* 221 AD2d 100, 105; *Losquadro v Winthrop Univ. Hosp.,* 216 AD2d 533, 534). No such conduct is alleged in this case.

The plaintiffs' remaining contentions are without merit. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.