ELIZABETH SAVVA, Appellant, v MICHAEL LONGO, Respondent. [779 NYS2d 129]—

In an action, inter alia, to recover damages for breach of an implied contract and negligent infliction of emotional distress, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), dated July 2, 2003, as granted those branches of the defendant's motion which were to dismiss the second and fourth causes of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleged, inter alia, that from 1973 through July 2002 she and the defendant "essentially liv[ed] together" and maintained a "marriage-like relationship" whereby she agreed to act as, among other things, the defendant's homemaker, housekeeper, companion, and confidante. In exchange, the defendant allegedly agreed to provide for her and her child financially for the foreseeable future. The plaintiff also alleged that in or about July 2002, the defendant ceased providing support and maintenance to the plaintiff although she continued to meet her obligations. She further alleged that the defendant should have known that, as a result of his actions, she would suffer emotional distress. The defendant moved, inter alia, to dismiss the second and fourth causes of action for breach of an implied contract and negligent infliction of emotional distress,

respectively, pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. In support of his motion, the defendant submitted undisputed evidence that he was married and living with his wife during the parties' relationship. Thereafter, the plaintiff acknowledged in an affidavit that the parties maintained separate residences throughout their relationship. The Supreme Court granted those branches of the defendant's motion. We affirm.

Under the circumstances, it is not reasonable to infer an agreement to pay for the services allegedly rendered by the plaintiff to the defendant, who was married and living with his spouse during the parties' relationship. The domestic chores allegedly performed by the plaintiff were performed in her separately-maintained residence (*see generally Morone v Morone,* 50 NY2d 481 [1980]; *Moors v Hall,* 143 AD2d 336, 338-339 [1988]; *Artache v Goldin,* 133 AD2d 596, 599-600 [1987]).

Moreover, "[w]hile physical injury is not a necessary element of a cause of action to recover damages for negligent infliction of emotional distress, such a cause of action must generally be premised upon conduct that unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety" (*Perry v Valley Cottage Animal Hosp.,* 261 AD2d 522 [1999]; *see Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36, 44 [1996]; *Glendora v Gallicano,* 206 AD2d 456 [1994]). The complaint did not allege such conduct. Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were to dismiss the second and the fourth causes of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Florio, J.P., Townes, Crane and Lifson, JJ., concur.