◼ Carole F. Waltz et al., as Coadministrators of the Estate of Sandra Waltz, Deceased, Respondents, v Ronald Lynch, M.D., et al., Defendants, and Georgina Casal, Appellant. [810 NYS2d 608]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered May 10, 2005. The order denied the motion of defendant Georgina Casal to dismiss the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is granted and the complaint against defendant Georgina Casal is dismissed.

Memorandum: Supreme Court erred in denying the motion of defendant Georgina Casal to dismiss the complaint against her. According to plaintiffs, their decedent, while a patient at defendant Clinical Solutions of South Florida, Inc. (Clinical Solutions), was prescribed medication that caused decedent's death. Casal, "the principal and registered agent" of Clinical Solutions, is neither a doctor nor a pharmacist, and plaintiffs have not alleged that Casal had any personal contact with decedent. Because plaintiffs have failed to set forth any basis for piercing the corporate veil (*see generally Walkovszky v Carlton*, 18 NY2d 414, 417-419 [1966]), Casal cannot be held personally liable to plaintiffs' decedent as an agent of Clinical Solutions. Thus, we agree with Casal that the complaint fails to state a cause of action against her and should have been dismissed on that ground (*see* CPLR 3211 [a] [7]). Present—Hurlbutt, J.P., Scudder, Gorski and Smith, JJ.