■ ERIC GAYLORD et al., Appellants, v JOHN FIORILLA et al., Respondents. (And a Third-Party Action.) [813 NYS2d 534]—

In an action, inter alia, to recover damages for malicious prosecution, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Shapiro, J.), dated October 5, 2004, as granted the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Eric Gaylord (hereinafter the plaintiff) engaged in the stone hauling and removal business. In January 2002, after entering into an oral agreement with the defendant John Fiorilla, the plaintiff began removing stones from Fiorilla's property. Three weeks after the work commenced, the defendant Dennis Tompkins, Fiorilla's next door neighbor, informed the plaintiff that he had wrongly removed a portion of a boundary wall that belonged to Tompkins. The police were brought into the matter and, after securing a professional estimate of the value of the stones from the defendant William Buchanan, a competitor of the plaintiff, the plaintiff was charged with a felony offense. The criminal matter was subsequently adjourned in contemplation of dismissal, and the plaintiff repaired the damaged wall. The plaintiff then commenced the instant action, and the defendants separately moved for summary judgment.

The Supreme Court properly granted the defendants' motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. As the plaintiff conceded before the Supreme Court, claims alleging malicious prosecution are precluded when an accused accepts an adjournment in contemplation of dismissal (*see Smith-Hunter v Harvey,* 95 NY2d 191, 197 [2000]; *Hollender v Trump Vil. Coop.,* 58 NY2d 420, 426 [1983]; *Tzambazis v City of New York,* 291 AD2d 397 [2002]).

The claims alleging negligent infliction of emotional distress were properly dismissed as well. "While physical injury is not a necessary element of a cause of action to recover damages for negligent infliction of emotional distress, such a cause of action must generally be premised upon conduct that unreasonably endangers a plaintiff's physical safety or causes the plaintiff to

fear for his or her own safety" (*Perry v Valley Cottage Animal Hosp.*, 261 AD2d 522, 522-523 [1999]; *see Savva v Longo*, 8 AD3d 551, 552 [2004]; *Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 44 [1996]; *Glendora v Gallicano*, 206 AD2d 456 [1994]). Here, the plaintiff claimed only emotional injuries. Contrary to his contentions, no amount of additional discovery would fortify him with facts necessary to oppose summary judgment (*see* CPLR 3212 [f]), since information regarding the type of harm he suffered was in his sole possession. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.