■ HELEN DAVIDOVICI, Respondent, v LEONARD FRITZSON et al., Defendants, and MECHANIC MORTGAGE GROUP, INC., et al., Appellants. [853 NYS2d 594]—

The defendant David Mechanic was a shareholder of the defendant Mechanic Mortgage Group, Inc., a mortgage brokerage firm which employed the defendant Leonard Fritzson as a loan originator. In 2005, Donald Domite, who was the sole shareholder of the plaintiff corporations, obtained certain loans through Mechanic's corporation, utilizing Fritzson. Domite then hired Fritzson, who was an accountant, to perform accounting services for his corporations. In connection with this employment, Domite gave Fritzson access to his corporations' bank accounts. However, Fritzson, who had been convicted of tax fraud and bank fraud several years earlier, allegedly embezzled significant sums from those accounts.

Domite and his corporations then commenced the instant action against Fritzson, as well as Mechanic and his corporation, to recover damages caused by Fritzson's alleged defalcations. Two causes of action were asserted against Mechanic and his corporation. The first cause of action was, in essence, one to recover damages for negligent hiring and supervision. The other cause of action, which was only asserted on Domite's behalf, was to recover damages for negligent infliction of emotional distress.

The Supreme Court should have granted the motion of Mechanic and his corporation to dismiss the complaint insofar as asserted against them pursuant to 3211 (a) (7). Even when accepting the facts alleged in the complaint as true, and accord-

ing Domite and his corporations the benefit of every possible favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]), the complaint fails to contain sufficient allegations from which it reasonably could be found that the allegedly negligent hiring and supervision of Fritzson was a proximate cause of damages to Domite and Domite's corporations (*cf. Cardona v Cruz,* 271 AD2d 221 [2000]; *Lemp v Lewis,* 226 AD2d 907, 908 [1996]; *Ford v Gildin,* 200 AD2d 224, 229 [1994]). In addition, a cause of action to recover damages for negligent infliction of emotional distress generally must be premised upon conduct that unreasonably endangers a plaintiff's safety or causes the plaintiff to fear for his or her safety, and Domite failed to allege that any such conduct occurred (*see Savva v Longo,* 8 AD3d 551, 552 [2004]; *Perry v Valley Cottage Animal Hosp.,* 261 AD2d 522, 522-523 [1999]; *Glendora v Gallicano,* 206 AD2d 456 [1994]; *De Rosa v Stanley B. Michelman, P.C.,* 184 AD2d 490, 491 [1992]). Finally, Domite and his corporations failed to set forth any allegations which, if true (*see Leon v Martinez,* 84 NY2d at 87), would justify piercing the corporate veil and holding Mechanic personally liable for his corporation's alleged torts (*see Waltz v Lynch,* 26 AD3d 894 [2006]; *Weis v Selected Meat Packers,* 91 AD2d 1085, 1086 [1983]). Ritter, J.P., Santucci, Covello and Carni, JJ., concur.