■ Travis Santana, Appellant, v William Leith, Respondent. [985 NYS2d 147]—

In an action to recover damages for negligent infliction of emotional distress, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated June 18, 2013, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 22, 2009, the defendant allegedly attacked the plaintiff with a hammer, while using racial and ethnic slurs. Nearly three years later, after the statute of limitations to recover damages on an intentional tort theory had expired, the plaintiff commenced this action to recover damages for negligent

infliction of emotional distress. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and the Supreme Court granted that branch of his motion.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Sacher v Beacon Assoc. Mgt. Corp.*, 114 AD3d 655 [2014]; *Young v Brown*, 113 AD3d 761 [2014]). Under this standard, the complaint fails to state a cause of action to recover damages for negligent infliction of emotional distress.

A cause of action to recover damages for negligent infliction of emotional distress, which no longer requires physical injury as a necessary element, "generally must be premised upon the breach of a duty owed to [the] plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety" (*Sheila C. v Povich*, 11 AD3d 120, 130 [2004]; *see Jason v Krey*, 60 AD3d 735, 736 [2009]; *Davidovici v Fritzson*, 49 AD3d 488, 490 [2008]; *Gaylord v Fiorilla*, 28 AD3d 713, 713-714 [2006]; *Lipton v Unumprovident Corp.*, 10 AD3d 703, 706 [2004]; *Savva v Longo*, 8 AD3d 551, 552 [2004]; *E.B. v Liberation Publs.*, 7 AD3d 566, 567 [2004]). "Such a claim must fail where, as here, '[n]o allegations of negligence appear in the pleadings' " (*Daluise v Sottile*, 40 AD3d 801, 803 [2007], quoting *Russo v Iacono*, 73 AD2d 913, 913 [1980]). Here the plaintiff's allegations in the verified complaint that the defendant "deliberately and violently" attacked him with a hammer, while using racial and ethnic slurs, are premised on intentional conduct and not negligence. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.