■ In the Matter of JUANA R., Respondent, v CHELSEA R., Appellant. [62 NYS3d 785]—

Order, Family Court, New York County (Gail A. Adams, Ref.), entered on or about March 18, 2016, which, after a hearing, granted the petition and issued a one year order of protection in favor of petitioner, unanimously reversed, on the law, without costs, and the petition denied.

Although the order of protection has expired, in light of the consequences that may flow from an adjudication that a party has committed a family offense, the appeal is not moot (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 671-672 [2015]).

When granting the petition, Family Court found only that the parties were not "getting along." The court failed to find that a family offense had been committed, or that respondent had committed acts that constituted a particular family offense. The lack of requisite factual findings precludes appellate review (*see Matter of Jose L.I.*, 46 NY2d 1024 [1979]), and it would be fruitless to remit for a new hearing and entry of factual findings, as the order of protection has expired by its terms. Concur—Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.

■ EYAL ZABARI, Respondent, v DORON ZABARI, Appellant. [63 NYS3d 364]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about July 22, 2016, which granted plaintiff's motion to confirm the report of a special referee, made after a traverse hearing, concluding that service was properly made, and denied defendant's cross motion to reject the report and dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

The special referee's conclusion that plaintiff met his burden of proving proper service pursuant to CPLR 308 (2) (*see Persaud v Teaneck Nursing Ctr.*, 290 AD2d 350, 351 [1st Dept 2002]) was "substantially supported by the record" (*Poster v Poster*, 4 AD3d 145, 145 [1st Dept 2004], *lv denied* 3 NY3d 605 [2004]). Plaintiff's proof consisted of the process server's affidavit and testimony, as well as videos of him making service and testimony of the videographer. The referee found the witnesses' testimony to be credible, and defendant, who offered no evidence in opposition, shows no basis for rejecting the credibility determinations, made after the referee had "an opportunity to see and hear the witnesses and to observe their demeanor" (*id.*).

Contrary to defendant's contention, the evidence amply supported the referee's finding that the documents served were in fact the summons and complaint, and that the addresses to which delivery and mailing were directed were in fact defendant's residence and place of business. Further, the evidence supports the finding that delivery was properly made by placing the papers in the "general vicinity" of defendant's doorman after he denied the process server access (*see Bossuk v Steinberg*, 58 NY2d 916, 918 [1983]; *Charnin v Cogan*, 250 AD2d 513, 518 [1st Dept 1998]; *Duffy v St. Vincent's Hosp.*, 198 AD2d 31, 31 [1st Dept 1993]).

Because the documents were mailed to defendant's residence (in addition to his place of business), plaintiff was not required to send them by first class mail, and the use of certified mail was sufficient (*see* CPLR 308 [2]; *Cohen v Shure*, 153 AD2d 35, 37-38 [2d Dept 1989]). The affidavit of service reflected that the mailing envelope sent to defendant's business address bore the requisite external markings (*see* CPLR 308 [2]; *Olsen v Haddad*, 187 AD2d 375, 375-376 [1st Dept 1992], *lv denied* 81 NY2d 707 [1993]; *Broomes-Simon v Klebanow*, 160 AD2d 973, 973 [2d Dept 1990]), and no evidence was submitted to the contrary.

The fact that the process server was not licensed would not invalidate service, even if a license was required (*City of New York v VJHC Dev. Corp.*, 125 AD3d 425, 426 [1st Dept 2015]; *see also* Administrative Code of City of NY §§ 20-403, 20-404).

We have considered defendant's remaining arguments and find them unavailing. Concur—Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.