A. R. v City of New York (2022 NY Slip Op 03753)

A. R. v City of New York

2022 NY Slip Op 03753

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-10616
 (Index No. 715750/18)

[*1]A. R., etc., et al., appellants, 
v
City of New York, et al., respondents, et al., defendants.

Umoh Law Firm, PLLC, Brooklyn, NY (Uwem Umoh of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Diana Lawless of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 5, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants City of New York, New York City Department of Education, and George Gonzalez which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action insofar as asserted against them, and denied the plaintiffs' cross motion for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Contrary to the plaintiffs' contentions, the Supreme Court properly granted those branches of the motion of the defendants City of New York, New York City Department of Education, and George Gonzalez (hereinafter collectively the defendants) which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action insofar as asserted against them for failure to state a cause of action.
The first cause of action alleged that the defendants deprived the plaintiff A. R., a student who was suspended from school, of her right to due process under 42 USC § 1983. "To plead a violation of procedural due process, a plaintiff must plausibly allege that he [or she] was deprived of property without constitutionally adequate pre- or post-deprivation process" (J.S. v T'Kach, 714 F3d 99, 105 [2d Cir]; see Alhers v Rabinowitz, 684 F3d 53, 62 [2d Cir]; see also Mark G. v Sabol, 93 NY2d 710, 723). The plaintiffs alleged that A. R. was given a hearing with counsel and the opportunity to present evidence and cross-examine witnesses. Moreover, the complaint alleged that on the administrative appeal of the hearing officer's determination to uphold A. R.'s suspension, A. R.'s suspension was cleared from her record. Given that the plaintiffs alleged that A. R. was afforded those procedures, and that those administrative protections worked in her favor, the complaint failed to properly plead a procedural due process cause of action. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the first cause of action insofar as asserted against them.
The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the second cause of action, which alleged "Violation of Education Law," insofar as asserted against them on the ground that it failed to state a cause of action. "The test of the sufficiency of a complaint is whether it gives sufficient notice of the transactions, occurrences, or [*2]series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments" (Pace v Perk, 81 AD2d 444, 449; see CPLR 3013; Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; see also Cole v Mandell Food Stores, 93 NY2d 34, 40). It is unclear from the complaint which part of the Education Law gives rise to this cause of action, or the elements of the cause of action. While it has been held that the failure to cite a specific section of a statute or article, or to use its language, is not usually a fatal defect (see Howard v Murray, 38 NY2d 695, 699-700), the complaint, in describing this cause of action, is, contrary to the plaintiffs' contention, unclear.
The fourth cause of action alleged negligent infliction of emotion distress. Contrary to the Supreme Court's reasoning, the plaintiffs' failure to adequately allege extreme and outrageous conduct was not fatal to the negligent infliction of emotional distress cause of action (see generally Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6). Nevertheless, the complaint was deficient in that the plaintiffs failed to allege that they either feared for their own safety or that any acts of the defendants endangered their physical safety (see Taggart v Costabile, 131 AD3d 243, 252; see also Santana v Leith, 117 AD3d 711, 712). A cause of action to recover damages for negligent infliction of emotional distress, which no longer requires physical injury as a necessary element, "'generally must be premised upon the breach of a duty owed to [the] plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety'" (Santana v Leith, 117 AD3d at 712, quoting Sheila C. v Povich, 11 AD3d 120, 130). Accordingly, the court properly granted that branch of the defendants' motion which was to dismiss the fourth cause of action insofar as asserted against them for failure to state a cause of action.
Moreover, the Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion for leave to amend the complaint. The proposed amended complaint was palpably insufficient and patently devoid of merit (see Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc., 198 AD3d 996, 997; Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d 728, 729).
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court