Aklipi v American Med. Alert Corp. (2023 NY Slip Op 02483)

Aklipi v American Med. Alert Corp.

2023 NY Slip Op 02483

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2021-02217
 (Index No. 503960/17)

[*1]Zev Aklipi, appellant, 
v
American Medical Alert Corp., etc., respondent.

Yoram Nachimovsky, PLLC, New York, NY, for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated January 26, 2021. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
The defendant provides and services medical alert devices that allow a user to summon help in an emergency. On December 1, 2015, one of the defendant's employees serviced a medical alert device in the plaintiff's apartment. As the employee was leaving the plaintiff's apartment, he allegedly threatened the plaintiff by pointing to an extension cord and stating that the plaintiff would "be hanging on this wire." The plaintiff commenced this action to recover damages related to that incident. In the amended complaint, he asserted causes of action alleging negligent infliction of emotional distress and negligent hiring, retention, supervision, and training. The defendant moved for summary judgment dismissing the amended complaint. The Supreme Court granted the motion, and the plaintiff appeals.
A cause of action to recover damages for negligent infliction of emotional distress "generally must be premised upon the breach of a duty owed to [the] plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety" (Santana v Leith, 117 AD3d 711, 712 [internal quotation marks omitted]). Such a cause of action must fail where there are no allegations of negligence (see Daluise v Sottile, 40 AD3d 801, 803; Russo v Iacono, 73 AD2d 913). Here, where the plaintiff seeks to hold the defendant vicariously liable for the conduct of its employee, the complaint only alleges intentional conduct by the employee, and thus, there is no basis for a cause of action sounding in negligence (see Scifo v Taibi, 198 AD3d 704, 706; Trayvilla v Japan Airlines, 178 AD3d 746, 747). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent infliction of emotional distress.
To establish a cause of action based on negligent hiring, retention, supervision, and training of an employee, a plaintiff must demonstrate that the employer knew or should have known [*2]that the employee had a propensity for the conduct which resulted in the plaintiff's injury (see Barton v City of New York, 187 AD3d 976, 978; DeJesus v DeJesus, 132 AD3d 721, 722-723). Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent hiring, retention, supervision, and training by submitting evidence demonstrating that it did not know or have reason to know that its employee had a propensity to commit acts of the type he allegedly committed. The defendant further demonstrated that the employee had undergone adequate training, including the completion of an "Elder Sensitivity course." In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent hiring, retention, supervision, and training.
In light of our determination, we need not reach the defendant's remaining contentions. The plaintiff's remaining contention is improperly raised for the first time on appeal.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court