Casilla v Arms Acres (2025 NY Slip Op 04543)

Casilla v Arms Acres

2025 NY Slip Op 04543

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2024-06530
 (Index No. 520313/20)

[*1]Janira Casilla, respondent, 
v
Arms Acres, appellant.

Rutherford & Christie, LLP, New York, NY (Cassidy M. Brillhart of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated February 22, 2024. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly sustained personal injuries when a security guard employed by the defendant grabbed her by the arm while simultaneously pushing her from behind.
Thereafter, the plaintiff commenced this action to recover damages for personal injuries, asserting causes of action alleging negligence, assault, and battery. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. In an order dated February 22, 2024, the Supreme Court denied the motion. The defendant appeals.
"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 646 [internal quotation marks omitted]; see Gould v Rempel, 99 AD3d 759, 760). "To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent" (Kuznitz v Funk, 187 AD3d 1006, 1006 [internal quotation marks omitted]; see Cerilli v Kezis, 16 AD3d 363, 364). Moreover, "to succeed against an employer for the tortious conduct of its employee under the doctrine of respondeat superior, the employee must have been acting in furtherance of the employer's business and within the scope of his or her employment" (Lea v McNulty, 227 AD3d 971, 974; see Diluglio v Liberty Mut. Group, Inc., 230 AD3d at 647).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging assault and battery. A transcript of the plaintiff's deposition testimony, which was submitted by the defendant in support of its motion, raised several triable issues of fact, including whether a reasonable person would find offensive the [*2]intentional bodily contact initiated by the security guard, whether the security guard's conduct also placed the plaintiff in imminent apprehension of additional harmful contact, and whether the security guard was acting within the scope of her employment. Accordingly, we need not consider the sufficiency of the plaintiff's opposition papers with respect to the causes of action alleging assault and battery (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligence. The defendant established, prima facie, that it neither knew nor should have known of the alleged propensity of the security guard for the conduct which caused the plaintiff's injury (see Aklipi v American Med. Alert Corp., 216 AD3d 712, 714; S.W. v Catskill Regional Med. Ctr., 211 AD3d 890, 891). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we modify the order as indicated herein.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court